Wayne WILLIAMS, Plaintiff-Appellant,

v.

Gerald LIBERTY et al., Defendants-Appellees.

No. 71–1536.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1972.

Decided May 5, 1972.

4. See United States v. Fidanzi, 411 F.2d 1361 (7th Cir., 1969), United States v. Gross, 451 F.2d 1355, 1359 (7th Cir., 1971).

**326**

Wayne C. Williams, pro se.

Richard L. Curry, Edmund Hatfield, Chicago, Ill., for defendants-appellees; William R. Quinlan, Asst. Corp. Counsel, of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and SPRECHER, Circuit Judges.

KILEY, Circuit Judge.

This is a civil rights action [1] seeking damages against named and unnamed Chicago police officers growing out of the arrest and detention of plaintiff. The district court granted summary judgment for defendants. We reverse and remand.

The complaint alleges 1) that on December 12, 1969 defendant police officers arrested and handcuffed plaintiff, violently beat him about the face and body, and dragged him from a Chicago tavern; 2) that defendant police officers then took him to the police station where they again physically beat and kicked him; and 3) that defendants illegally detained him at the station for approximately twenty hours without allowing him to post bond upon any charge against him or allowing him to contact an attorney; and that they then caused him to be taken to Bridewell Hospital until the morning of December 14 when he was returned to the police station and again detained for another six hours without being able to post bond or call an attorney.

The complaint states that defendants' alleged official misconduct was under color of their statutory authority and deprived plaintiff of his constitutional rights [2] to due process as a citizen.[3]

1. 42 U.S.C. § 1983.

2. We note that plaintiff disavows the district court's characterization of his arrest as "unlawful." Plaintiff says the issues are "excessive force in making the arrest, police brutality and illegal detention." The defendants have not challenged here the complaint as failing to allege deprivation of constitutional rights.

3. The complaint also alleges violation of plaintiff's Fourteenth Amendment right to equal protection of the law.

Defendants, relying upon the "affidavits [4] and documents attached," moved for summary judgment under the doctrine of collateral estoppel. The "documents" [5] allegedly pertain to two convictions of plaintiff by a jury on charges of resisting arrest and of subsequent battery against officer Liberty [6] at the police station.

The purported court records are not authenticated in any way and the police reports are mere hearsay writings. And a brief in support of defendants' motion for summary judgment contains argument based upon statements from the hearsay reports that plaintiff refused to give his name or information; that he resisted fingerprinting; that he was too intoxicated to respond to attempts to awaken him; and that when he did awake he requested to be taken to the hospital.

The district court relied upon the documents for its determination that plaintiff's three claims of police misconduct were actually determined against him in the prior criminal proceedings, and that accordingly under the doctrine of collateral estoppel plaintiff was barred from relitigating them.

1. The district court found that the issue of excessive force incidental to plaintiff's arrest in the tavern was "necessarily" determined against plaintiff in the jury's finding that he had unlawfully resisted arrest. The court decided that plaintiff was collaterally estopped from relitigating that issue in the civil rights action.

■■ It is established that a prior criminal conviction may work an estoppel in a subsequent civil proceeding. Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568–569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1950); United States v. Wainer, 211 F.2d 669, 671–672 (7th Cir. 1954). The estoppel, however, extends only to questions "distinctly put in issue and directly determined" in the criminal prosecution. *Id.* In the case of a criminal conviction based on a verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment. However, where a general verdict does not indicate exactly what matters were adjudicated in the antecedent suit, then the trial judge upon an examination of the record, including the pleadings, the evidence submitted and the jury instructions, should determine what issues were previously decided. 340 U. S. at 568–569, 71 S.Ct. 408, 414, 95 L. Ed. 534.

■ In the case before us, neither the pleadings, the evidence nor the jury instructions from the prior criminal proceedings were before the district judge. And lacking a certified copy of the transcript we are uninformed as to which of plaintiff's acts furnished the foundation for his convictions of resisting arrest and of battery. Basista v. Weir, 340 F. 2d 74, 81–82 (3rd Cir. 1965). Nor can we determine which defenses, if any, were presented or waived. *See also* People v. Myers, 94 Ill.App.2d 340, 236 N. E.2d 786 (1968).

■ Furthermore, we think that the jury's return of a guilty verdict against plaintiff on the criminal charge of resisting arrest is not "necessarily" conclusive as to plaintiff's present claim of excessive force used by the police officers. A lawful arrest can be accompanied with excessive force. *See* Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961). The fact that the arrest was made under authority of Ill. Rev.Stat. Ch. 38, § 31–1, does not preclude the possibility of abuse of authority. *See also* Collum v. Butler, 421 F.2d 1257 (7th Cir. 1970).

---

4. We note that no affidavit was attached to the motion.

5. The documents purport to be copies of records of the Municipal Department, Criminal Division of the Circuit Court of Cook County, and copies of police reports including narratives detailing plaintiff's arrest and detention.

6. Officer Liberty was the only named defendant.

2. As to plaintiff's second claim of police brutality at the police station, the court decided that plaintiff's conviction of battery upon officer Liberty necessarily included a finding that plaintiff's attack upon officer Liberty was "without legal justification." The court determined that the issue of police brutality at the station was therefore precluded.

For reasons similar to those expressed in the preceding section, we are unable to see why an officer who is attacked by a prisoner could not use more force than reasonably necessary in defending himself, and be subject to liability for the excessive force. *See* Palma v. Powers, 295 F.Supp. 924, 942 (N.D.Ill.1969).

3. The court decided that plaintiff's third claim of illegal detention (denial of access to an attorney and of opportunity to make bond) was precluded from his civil rights action because even if these issues were not raised at the previous trials they were of such importance to plaintiff's defense that his failure to raise them constituted waiver.

These issues were not relevant in the state prosecutions for battery and resisting arrest. In Palma v. Powers, *supra,* the legality of the search and seizure was an important question at the prior prosecution based on evidence seized by the officer, and failure to raise the question precluded raising it later. Here, however, the question of illegal detention was not essential to a determination of whether plaintiff had resisted arrest, and was merely background to a determination whether he had committed battery.

We conclude that the district court erred in applying the doctrine of collateral estoppel to preclude plaintiff from raising genuine issues of material fact because of reports unsupported by affidavits and of records unauthenticated by any proper person. We reverse the summary judgment and remand for further proceedings affording an opportunity to the parties to properly pursue the summary judgment procedure, or for trial, in accordance with the views expressed herein.

Reversed and remanded.