Marilyn J. HOLLAND, Plaintiff,

v.

Herbert BAILEY et al., Defendants.

No. 73 Civ. 5403.

United States District Court,
S. D. New York.

Feb. 18, 1974.

Stephen Gillers, New York City, for plaintiff.

Rothblatt, Rothblatt, Seijas & Peskin, New York City, for defendant Bailey; Stephan H. Peskin, New York City, of counsel.

George C. Stewart, MFY Legal Services, Inc., New York City, for defendant Thornton; Robert Hartman, New York City, of counsel.

Thomas F. Burchill, Asst. Corp. Counsel, New York City, for defendants Borchick and Russo.

EDWARD WEINFELD, District Judge.

Plaintiff, Marilyn J. Holland, was arrested in New York City on a charge of second degree arson[1] based upon an incident which occurred outside of the apartment of defendant Herbert Bailey on January 25, 1973. By reason of her alleged actions at the time of her arrest, she was also charged with assault[2] and resisting arrest.[3] The arresting officers, defendants Thomas Borchick and Thomas Russo, were Fire Marshals attached to the New York City Fire Department, one of whom was the subject of the alleged assault. A hearing was held upon the charges before a judge of the Criminal Court of the City of New York, at which the plaintiff herein was represented by counsel. Upon the conclusion of the hearing the judge found reasonable cause to believe that she had committed the crimes of attempted arson, resisting arrest and assault, and held her for trial thereon. Upon her failure to appear at several scheduled trial dates, she was arrested pursuant to bench warrant, and a psychiatric examination was ordered. The two psychiatrists found her mentally competent to stand trial. Thereafter, pursuant to New York law,[4] an adjournment in contemplation of dismissal was granted, and six months having elapsed without a motion by the prosecution to restore the case to the trial calendar, the charges were deemed to have been dismissed on March 6, 1974.

Plaintiff, appearing pro se, commenced this action claiming violation of her rights under 42 U.S.C., section 1983, and its jurisdictional counterpart, 28 U.S.C., section 1343. Thereafter this court appointed counsel to represent plaintiff, and he filed an amended com-

---

1. N.Y. Penal Law, McKinney's Consol.Laws, c. 40, § 150.10.

2. N.Y. Penal Law § 120.00.

3. N.Y. Penal Law § 205.30.

4. Criminal Procedure Law, McKinney's Consol.Laws, c. 11–A, § 170.55.

**620**

plaint which contains two separate causes of action. The first alleges that prior to February 27, 1973,[5] the defendants conspired to deprive plaintiff of her constitutional rights, and that on that day the defendants, acting under color of law and in furtherance of the alleged conspiracy, illegally caused her arrest in violation of her rights under the Fourth and Fourteenth Amendments. The second cause of action alleges that at the time of her arrest the defendant Fire Marshals, acting in concert with Bailey and another, under color of law and in furtherance of the conspiracy alleged in the first cause of action, maliciously and intentionally caused physical harm to plaintiff, in violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments. The defendant Bailey now moves to dismiss both causes of action on various grounds, including lack of jurisdiction, because (a) no federal question is presented; (b) no conspiracy existed; and (c) plaintiff's civil rights were not violated because probable cause existed at the time of her arrest; alternatively, the defendants move for summary judgment.

■ The questions presented under plaintiff's complaint as stated by her counsel are: (1) whether defendants conspired to violate her Fourth Amendment rights by arresting her under color of law without probable cause, and, whatever the answer to the first question, (2) whether, acting under color of law, defendants used an unconstitutional amount of force in effecting that arrest.

As to her first cause of action, it appears that following her arrest a full hearing on the charges was had before a judge of the Criminal Court. The hearing extended over several days. The State presented its witnesses, who were fully cross-examined by plaintiff's counsel. Plaintiff herself testified on her

own behalf. As already noted, the court, upon the conclusion of the hearing, found probable cause that plaintiff had committed the crimes and held her over for trial on these charges. This court has read the minutes of the hearing, and the evidence abundantly sustains the finding of the Criminal Court judge that there was reasonable cause to believe that plaintiff herein committed the enumerated crimes. All the evidence offered by the State on the arson charge at the hearing before the Criminal Court judge was evidence available to the arresting officers at the time of arrest. Under these circumstances the Criminal Court judge, in finding reasonable cause to believe that plaintiff herein committed attempted arson, necessarily determined that the arrest was legal.[6] Alternatively, the minutes of the Criminal Court proceeding contain sufficient evidence available to the arresting officers at the time of arrest to warrant a conclusion by this court that they acted with probable cause. There is, therefore, no basis for plaintiff's claim that her constitutional rights were violated. Accordingly, the motion to dismiss the first cause of action is granted.

■ The second cause of action, wherein plaintiff alleges an excess use of force in effecting her arrest, whether legal or illegal,[7] presents an issue of fact which may not be disposed of by summary judgment, as defendants request. This branch of the motion is denied.

■ Finally, the defendants' motion to preclude plaintiff from testifying because of her alleged mental incompetency, or alternatively to compel her to undergo a psychiatric examination, is denied. Plaintiff was found mentally competent to stand trial on the criminal charges. She may not, therefore, be deprived of her right to testify in support of her civil claim. That branch of de-

---

5. The complaint inadvertently sets forth February 27, 1974 as the date of arrest.

6. " 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' " Brinegar v. United States,

338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

7. *See* Williams v. Liberty, 461 F.2d 325, 327 (7th Cir. 1972).

fendants' motion for an order directing that she submit to a psychiatric examination is also denied, since her mental condition is not in issue under the cause of action that remains.[8]

---

8. *Cf.* Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).