David N. CLASSON and Judy S. Classon, his wife, Plaintiffs,

v.

Kenneth KRAUTKRAMER and the City of Green Bay, Wisconsin, a Municipal Corporation of the State of Wisconsin, Defendants.

No. 77–C–165.

United States District Court, E. D. Wisconsin.

Nov. 3, 1977.

Winston A. Ostrow, Kaftan, Kaftan, Kaftan, Kuehne, Van Egeren & Ostrow, Green Bay, Wis., for plaintiffs.

Terry E. Johnson, Borgelt, Powell, Peterson & Frauen, S. C., Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action is before the Court on motions to dismiss filed on behalf of both defendants. The complaint alleges federal causes of action arising under 42 U.S.C. § 1983 and under the Fourteenth Amendment. Jurisdiction is based on 28 U.S.C. § 1343 and § 1331.

Defendants have moved to dismiss plaintiffs' action, first, for failure to state a claim upon which relief can be granted and, second, for lack of jurisdiction over the subject matter of any remaining claims.

In accordance with an agreement between the parties to which the Court has previously given its approval, only three issues raised by the motions to dismiss will be considered and ruled upon at this time. These issues are: (1) whether a valid cause of action exists under either § 1983 or the Fourteenth Amendment for the use of unreasonable force in effecting an otherwise proper arrest; (2) whether a valid cause of action exists under either § 1983 or the Fourteenth Amendment for the use of unreasonable restraint or unreasonable force while plaintiff was in post-arrest police custody; and, (3) whether there can be a valid cause of action under the Fourteenth Amendment against the defendant City of Green Bay, a municipality.

The relevant factual allegations of the complaint are as follows. On November 22, 1975, the plaintiff, David Classon, was arrested and seized on the premises of Shopko Stores, Inc., by defendant Krautkramer, while Krautkramer was carrying out his duties as a police officer of the defendant City of Green Bay. The complaint alleges that the arrest was without probable cause, and "in accordance with a customary plan" (¶ 10) between the Police Department of the defendant City of Green Bay and Shopko Stores, Inc. The complaint further alleges that in making the arrest and in subsequently transporting the plaintiff to the county jail, defendant Krautkramer applied "excessive, unlawful, and abusive force and violence" (¶ 9) to the person of the plaintiff. It is also alleged that defendant Krautkramer unlawfully restrained the plaintiff's liberty after the plaintiff was arrested and while he was in police custody. As a consequence of these actions, the plaintiff is alleged to have suffered mental, physical, and economic injuries and seeks actual and punitive damages.

### FIRST CAUSE OF ACTION

Defendants have moved to dismiss this claim on the ground that there is no valid cause of action under either § 1983 or the Fourteenth Amendment for the use of excessive force in effecting an otherwise proper arrest.

█ This is an erroneous view of the law. It has long been clear that the use of excessive force in making an arrest is actionable under § 1983 and under the Fourth Amendment as incorporated in the Fourteenth Amendment. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Davis v. Murphy*, 559 F.2d 1098 (7th Cir. 1977); *Clark v. Ziedonis*, 513 F.2d 79 (7th Cir. 1975); *Williams v. Liberty*, 461 F.2d 325 (7th Cir. 1972).

Plaintiff asserts that defendant Krautkramer used excessive force in arresting him. In *Davis v. Murphy, supra*, the court found that such conduct constitutes a clear violation of the constitutional guarantees embodied in the Fourth Amendment as incorporated in the Fourteenth Amendment, as well as the procedural due process guarantee embodied in the Fourteenth Amendment itself.

Further, in *Clark v. Ziedonis, supra* at 80 n. 1, the Court stated that the "use of excessive force by police officers in effecting an arrest is a well-recognized ground for liability under 42 U.S.C. § 1983." The motion to dismiss this claim accordingly must be and is hereby denied.

### SECOND CAUSE OF ACTION

Defendants have moved to dismiss this claim on the ground that there is no valid cause of action under either § 1983 or the Fourteenth Amendment for unreasonable

**14**

restraint or unreasonable force inflicted upon an arrested person in police custody.

◼ Again, defendants' motion reflects an erroneous view of the law. Abuse of a suspect in police custody is a clear violation of the due process guarantees of the Fourteenth Amendment. *Duran v. Elrod*, 542 F.2d 998 (7th Cir. 1976); *Collum v. Butler*, 421 F.2d 1257 (7th Cir. 1970).

Some jurisdictions have preferred to analyze such claims in terms of the Eighth Amendment prohibition of cruel and unusual punishment. *Johnson v. Lark*, 365 F.Supp. 289 (E.D.Mo.1973); *Hamilton v. Love*, 328 F.Supp. 1182 (D.Ark.1971). In *Duran* the court indicated its preference for a due process approach, stating that an Eighth Amendment approach is inadequate since the Constitution permits *no* punishment at all of pretrial detainees. The standard to be applied in such cases is consequently more stringent than the prohibition of cruel and unusual punishment. The court in *Duran* stated the appropriate standard:

> Any restriction or condition that is not reasonably related to [the] sole stated purpose of confinement would deprive a detainee of liberty or property without due process, in contravention of the Fourteenth Amendment. 542 F.2d at 1000.

Applying the above standard to the instant case, it is clear that the conduct alleged by plaintiff does constitute a violation, under color of law, of the Fourteenth Amendment, and is therefore actionable under § 1983. The defendants' motion to dismiss this claim is therefore also denied.

### THIRD CAUSE OF ACTION

Defendant City of Green Bay has moved to dismiss plaintiff's claim under the Fourteenth Amendment for failure to state a claim upon which relief can be granted. Plaintiff's claim against the city is based upon an allegation of wrongdoing directly on the part of the city and on the doctrine of respondeat superior.

Although some courts have dismissed such claims for lack of jurisdiction, *see, e.*

*g., Calvin v. Conlisk*, 367 F.Supp. 476 (N.D. Ill.1973) *rev'd* 520 F.2d 1 (7th Cir. 1975), such dismissals do not reflect a sound reading of the law.

◼ The case of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), established that the Constitution itself gives a person deprived of his rights a cause of action in damages to redress that deprivation without any need for a statutorily created cause of action such as § 1983. Such an action can be brought under § 1331 when the requisite jurisdictional amount in controversy is met.

The Supreme Court relied on *Bivens* in reaching its decision in *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). In that case, the Court dismissed an action for injunctive relief under § 1983 on the ground that the municipality was not a "person" within the meaning of that section, but remanded the case for verification of the jurisdictional amount because the plaintiff had also claimed jurisdiction under 28 U.S.C. § 1331 as well as § 1983.

*City of Kenosha* has been interpreted as indicating that a municipality can be held liable for violations of rights guaranteed by the Fourteenth Amendment under § 1331. *See e. g., Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569 (7th Cir. 1975); *United Farmworkers of Florida v. City of Delray Beach*, 493 F.2d 799 (5th Cir. 1974); *Williams v. Brown*, 398 F.Supp. 155 (N.D.Ill.1975).

◼ This Court follows this view and hereby finds that a federal cause of action exists against a municipal corporation directly under the Fourteenth Amendment and that this action is cognizable under § 1331.

◼ In order to state a claim against a municipality under the Fourteenth Amendment, this Court holds that there must be some active participation by the municipality or acquiescence in the violation.

In terms of this case, in order to state a cause of action, the plaintiff must allege and prove more than the individual misconduct of the arresting officer.

Although the Supreme Court has not ruled on this precise issue, the Court has implicitly acknowledged this requirement. In actions for injunctive relief, the Court has declined to issue injunctions against the police, mayor or other municipal officials because of isolated incidents of police misconduct. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In *Rizzo* the court refused to grant injunctive relief against the mayor, city managing director and the police commissioner because "there was no affirmative link between the occurrences of the various incidents of police misconduct and the adoption of any plan or policy by petitioners—express or otherwise—showing their authorization or approval of such conduct." *Id.* at 371, 96 S.Ct. at 604.

In cases where there is a "persistent pattern of police misconduct," injunctive relief has been granted. *Allee v. Medrano*, 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); *Hague v. Committee for Industrial Organization*, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). And an injunction which is granted against the police department, the mayor, or city council necessarily affects the city itself. *United Farmworkers of Florida v. City of Delray Beach, supra.*

Even though these cases involve equitable actions, such reasoning is likewise applicable to suits for monetary relief.

In *Williams v. Brown, supra*, the Court found the city liable under the Fourteenth Amendment for damages arising out of the misconduct of some of its police officers, even though no pattern of misconduct was shown. The Court cited several considerations to support its assertion that damage liability is appropriately imposed on municipalities particularly in police misconduct cases. These included the view that the governmental unit has placed the officer in a position to use force and benefits from its use and that putting liability on the governmental unit is the most effective way of preventing future police misconduct.

This Court finds this reasoning unpersuasive. The considerations cited result in a city being held liable for misconduct of its employees even though it may have no knowledge of this misconduct, may not condone it and may, in fact, be actively trying to eliminate it.

■ Although *Rizzo* did not involve a damage suit brought directly under the Fourteenth Amendment, this Court finds that its standard for liability requiring some authorization or acquiescence on the part of officials is applicable in cases imposing liability against a municipality under the Fourteenth Amendment.

An examination of the instant case shows that the plaintiff has alleged that he was arrested without probable cause and that excessive force was used by the defendant. Such allegations, if proved, are violative of constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, supra; Calvin v. Conlisk, supra; Williams v. Brown, supra.*

Plaintiff further alleges that his arrest was "in accordance with a customary plan" between Shopko Stores and police officers of the defendant city. This allegation could present the requisite "affirmative link" between police misconduct and a plan or policy of the defendant city as enunciated in *Rizzo.*

In this case plaintiff is suing for damages. The Court in *Hostrop v. Board of Junior College District No. 575, supra*, allowed such suit under the Fourteenth Amendment. This result is consistent with the holding in *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946), wherein the Court stated that where legal rights which are actionable in federal court have been invaded, the courts "may use any available remedy to make good the wrong done."

■ The action is not barred by any sovereign immunity enjoyed by the city since it is well-settled that a political subdivision of a state does not enjoy the immunity con-

ferred upon the states by the Eleventh Amendment. *Hopkins v. Clemson Agricultural College*, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890 (1911).

For the foregoing reasons, this Court finds that the defendant City of Green Bay's motion to dismiss plaintiffs' Fourteenth Amendment claim against it must be and is hereby DENIED.

SO ORDERED this 4th day of November, 1977, at Milwaukee, Wisconsin.