Kenneth P. ZUREK, Plaintiff,

v.

Police Officer Al WOODBURY, Defendant.

No. 77 C 3971.

United States District Court, N. D. Illinois, E. D.

March 17, 1978.

Albert Brooks Friedman, Ltd., Chicago, Ill., for plaintiff.

William R. Quinlan, Corp. Counsel, City of Chicago, Mary A. Anast, Asst. Corp. Counsel, City of Chicago, Chicago, Ill., for defendant.

---

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on defendant's motion to dismiss plaintiff's complaint or, in the alternative, to abstain from hearing the cause pending the outcome of state criminal proceedings. For the reasons hereinafter stated, the motion to dismiss is granted in part and denied in part, and the action here will be stayed pending resolution of the state criminal proceedings.[1]

Invoking this court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, plaintiff, Kenneth P. Zurek, has filed a civil rights action against defendant, Police Officer Al Wood-

---

1. In his memoranda, defendant seems to use the terms abstain and stay interchangeably. Technically, such use is inappropriate. Abstention often contemplates the outright dismissal of a federal suit, and the presentation of all claims, both state and federal, to the state courts. See, e. g., Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), and Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Abstention can also contemplate deference to state determinations on matters of state law so that a federal court may avoid deciding a federal constitutional question prematurely or unnecessarily. Depending upon the state determination, often there is no need for the federal court to pass on the federal question. See, e. g., Railroad Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). A stay, however, contemplates the temporary suspension of the regular order of proceedings in a cause to await some other action or result. As will be discussed in the text infra, a stay rather than abstention is appropriate in the case at bar because, inter alia, the state criminal proceedings will not resolve some of the federal constitutional issues raised by plaintiff's complaint.

bury. In Count I, plaintiff alleges that Officer Woodbury, under color of state law, falsely arrested him for disorderly conduct and that Woodbury struck and pushed him. Plaintiff further asserts that he was deprived of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1983 and 1988. Plaintiff also avers that as a direct and proximate result of Officer Woodbury's acts, his reputation has been damaged and he has suffered bodily pain and injury. Plaintiff seeks compensatory damages in the amount of $100,000, punitive damages in the amount of $50,000 and costs. In Count II, plaintiff realleges many of the paragraphs of Count I and avers that defendant acted "wilfully, knowingly, and purposely, with specific intent" to commit the aforementioned acts. He seeks a finding of malice.

Defendant has filed a motion to dismiss or, in the alternative, to abstain. Defendant argues that the complaint must be dismissed because the allegations are so vague and conclusory as to be unanswerable. Moreover, defendant contends that plaintiff's allegations of damage to his reputation fail to state a claim upon which relief can be granted.

Defendant also states that there is now pending in the Circuit Court of Cook County, Illinois, a criminal action against the plaintiff for disorderly conduct. *State of Illinois v. Kenneth P. Zurek,* 77 − 1 − 730791. In light thereof, defendant submits that plaintiff should be required to pursue his claims in the pending state court action. In the alternative, defendant argues that principles of comity and interests of judicial economy warrant this court staying further proceedings here, pending resolution of the criminal action.

Plaintiff argues that the complaint is not conclusory and that it states a claim upon which relief can be granted. Plaintiff further contends that it would be impossible for him to pursue his civil rights claim for damages in a state criminal proceeding.

Finally, plaintiff submits that it would be senseless to stay proceedings here pending resolution of the criminal proceedings since even a guilty verdict in the criminal case cannot estop his civil rights action. Plaintiff asserts that regardless of the final determination of the pending state criminal action, the presence or absence of police brutality (i. e., excessive force) will not be litigated in the state courts. *Williams v. Liberty,* 461 F.2d 325 (7th Cir. 1972). Accordingly, he argues that defendant's motion to stay should be denied.

■ The court is of the opinion that the allegations of the complaint are not so vague and conclusory as to be unanswerable. On the contrary, the court finds that the complaint comports with the liberal "notice pleading" requirements of the Federal Rules of Civil Procedure.

■ The court is also of the opinion that the allegations of unlawful arrest state a claim upon which relief can be granted. It is well-settled that an action for unlawful arrest and detention may be brought under 42 U.S.C. § 1983 as it represents an unconstitutional deprivation under the Fourth and Fourteenth Amendments. *Joseph v. Rowlen,* 402 F.2d 367 (7th Cir. 1968). As for the allegations of injury to reputation, however, they must be dismissed. As stated in *Brainerd v. Potratz,* 421 F.Supp. 836, 840 (N.D.Ill.1976), *aff'd in an unpublished order,* 566 F.2d 1177 (7th Cir. 1977):

> [N]ot every tort recognized under state law is sufficient to pass the constitutional threshold as to allow the maintenance of an action under Section 1983. (citation omitted). A defamation claim does not implicate any federally protected right and is therefore not cognizable under the Civil Rights Act. (citations omitted).

■ Defendant's suggestion that plaintiff must pursue his claims for damages in the pending state court action is misguided. As plaintiff correctly notes, it would be impossible for him to pursue a civil rights claim for damages in a state criminal proceeding. If defendant means by this suggestion that plaintiff must first go to state court to file a civil rights action, or for that

**1152**

matter any other type of action, before proceeding in federal court, this suggestion is likewise misguided. It is well-settled that state judicial remedies need not be exhausted before bringing a civil rights action. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ The United States Supreme Court has yet to decide whether the principles of comity and federalism enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), apply to a civil rights suit seeking only damages when there is a pending state criminal prosecution. *See Juidice v. Vail,* 430 U.S. 327, 339 n. 16, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). Nevertheless, the court agrees with the defendant that this court should stay the proceedings here, pending resolution of the state criminal action.

In *Clark v. Zimmerman,* 394 F.Supp. 1166 (M.D.Pa.1975), the plaintiff, while incarcerated in state prison and awaiting criminal trial, filed a civil rights action pursuant to 42 U.S.C. § 1983 against the county district attorney, a state district magistrate, and a city police officer seeking declaratory, injunctive, and monetary relief. The complaint alleged, *inter alia,* that there was an unlawful arrest. After deciding that *Younger v. Harris, supra,* and its progeny prohibited the injunctive and declaratory relief plaintiff sought, the court addressed the issue whether plaintiff could litigate his damage claims notwithstanding the pendency of state criminal proceedings. The court held he could not pursue his damage claims and dismissed them, pursuant to 28 U.S.C. § 1915(d), stating, *inter alia,* that "[t]he adjudication of plaintiff's constitutional claims in a civil rights damage suit would require the court to rule upon issues relevant to the disposition of the state criminal charges thereby intruding impermissibly in the state criminal process." *Clark v. Zimmerman, supra* at 1175. The court is of the opinion that permitting the case *sub judice* to proceed would likewise violate "the basic policy against federal interference with pending state prosecutions." *Id.* at 1174.

■ Unlike the court in *Clark,* however, the court does not believe it should abstain and dismiss the complaint. Rather, the court is of the opinion that it should stay the action here, pending resolution of the state criminal proceedings. Abstention is not appropriate here because plaintiff's suit is not frivolous. Clearly, an illegal arrest may support a cause of action for damages notwithstanding the pendency of a criminal charge or trial. *Fulford v. Klein,* 529 F.2d 377, 379 (5th Cir. 1976), *aff'd en banc,* 550 F.2d 342 (5th Cir. 1977). Staying plaintiff's action, therefore, gives the state system proper deference, but at the same time does not emasculate the federal system's obligation to entertain civil rights actions. In addition to reinforcing the strong policy of comity between state and federal judicial systems, staying, rather than dismissing, plaintiff's action protects him against a possible statute of limitations bar to his civil rights suit. *See Fulford v. Klein, supra.*

■ Apart from comity considerations, there are important practical reasons for staying the proceedings here. Among the most important is judicial economy. It is well-established that a state criminal conviction will estop a defendant who is a subsequent plaintiff in a civil rights action from litigating in that action issues which are necessarily resolved against him in the prior criminal proceeding. *Palma v. Powers,* 295 F.Supp. 924, 941–42 (N.D.Ill.1969). Thus, if plaintiff were convicted in state court of a criminal offense arising out of his arrest, this conviction, itself, could conclusively establish that there was probable cause for his arrest and prosecution. *Id.* at 941.

Plaintiff correctly observes that the issue of excessive force in effectuating plaintiff's arrest must be litigated even if he is convicted in the state criminal action. *Williams v. Liberty, supra.* Nevertheless, staying plaintiff's civil action until completion of the state criminal proceedings is warranted. To proceed to trial now solely on the issue of excessive force would be a

waste of time. If plaintiff were subsequently acquitted in the criminal case, this court could then be required to have another trial to determine whether there was probable cause for his arrest.[2] As Judge Will stated, "[t]he courts have almost unanimously held that there is no necessary preclusive effect to be given an acquittal in a subsequent civil action." *Id.* at 942.

Accordingly, the court is of the opinion that the most prudent course is to stay plaintiff's action until the state criminal proceedings have been resolved. This is especially so where, as here, plaintiff has not shown, and the court does not see how, plaintiff will be prejudiced if his damage action is stayed pending completion of the state criminal proceedings.

For the reasons stated, it is therefore ordered that defendant's motion to dismiss shall be, and the same is hereby, granted, in part and denied in part.

It is further ordered that defendant's motion to stay this cause pending the resolution of state criminal proceedings shall be, and the same is hereby granted, and this action is stayed until further order of court.

---

**2.** In addition, some or all of plaintiff's other constitutional claims may become moot.