577 F.2d 433
 UNITED STATES of America, Plaintiff-Appellee,
v.
William M. CHANEY, Defendant-Appellant.
 No. 77-2233.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 15, 1978.
Decided June 22, 1978.
 
 Harold E. Hutson, Indianapolis, Ind., for defendant-appellant.
 Charles Goodloe, Jr., Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.
 Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant was convicted of maliciously attempting to damage and destroy by means of an explosive a structure used in a business affecting interstate commerce in violation of 18 U.S.C. § 844(i) and possession of a destructive device not registered to him in violation of 26 U.S.C. § 5861(d).
 
 
 2
 His previous conviction for the same offenses was reversed by this court for reasons not relevant here. United States v. Chaney, 559 F.2d 1094 (7th Cir. 1977). He now appeals from his second conviction, arguing that the trial court erred in excluding the testimony of two expert witnesses and in imposing a more severe sentence after the second trial than the sentence imposed after the first trial. We reverse and remand for a new trial.
 
 
 3
 The evidence showed that at approximately 5:00 A.M. on May 11, 1976, a Molotov cocktail was thrown against the rear door of premises occupied by a business company in Indianapolis. Two truck drivers working at a terminal across the street saw a black-over-white car pull into the driveway near the bombed building. One of them testified that he saw a fire shortly thereafter, did not see the car leave, but shortly thereafter saw a car of the same description stopped down the street by a deputy sheriff. The other truck driver testified that he saw the car pull in, a man light two fire bombs, get out of the car, and throw one into the window of the company and one against the door. (Other evidence showed that no fire had occurred inside the building.) An off-duty Marion County deputy sheriff testified that while he was driving down the street he saw a flash and then a fire and then saw a man running from the direction of the fire to a black-over-white automobile parked in the driveway adjacent to the fire. The deputy further testified that the man got into the car and pulled away, and the deputy followed him and stopped the car a short distance from the scene. The defendant was the only occupant of the car. Inside the car were a pair of gloves and a towel that smelled of gasoline, as did the defendant's clothes.
 
 
 4
 At the trial the defendant sought to introduce the testimony of a so-called forensic engineer to the effect that it would have been physically impossible for the events to have occurred as the deputy sheriff testified they did. The proposed testimony was presented in the form of a statement of counsel outside the presence of the jury, and the court ruled on that basis. The prosecutor objected on the ground that the facts the expert would be asked to assume as a basis for his opinion were not supported by the record. The court sustained this objection and also stated that the expert should not be permitted to contradict the testimony of an eyewitness.
 
 
 5
 We would not reverse on the ground of this ruling. We agree that the facts on which the expert's testimony was to have been based were not supported by the record. The proposed hypothetical question would have assumed that the deputy sheriff slowed his car to a speed of two miles per hour after he saw the fire. The testimony, however, was that he slowed to such an extent that he was "barely moving" after he saw the flash and before he saw the fire. While counsel for defendant also said that he would conform the expert's testimony to the evidence, whatever it was, he did not say what the expert's opinion would be in that event. Accordingly, there was no sufficient offer of proof as to what the expert's testimony would have been if the hypothetical question had been conformed to the evidence.
 
 
 6
 We should also add that the expert testimony, if otherwise admissible, could not properly have been excluded on the ground that it would have contradicted the testimony of an eyewitness. It is not a rule of evidence that expert testimony contradicting that of eyewitnesses is inadmissible. If in the next trial the expert bases his opinion upon evidence of record, he should be permitted to testify.
 
 
 7
 The next ground of error is well founded, and a new trial is therefore necessary. Defendant called an expert to testify that he had examined fragments of glass from the fire bomb and considered testimony of other witnesses concerning the height, configuration, and color of the flash and other circumstances of the explosion and on the basis of this evidence had concluded that the substance used in the bomb was not gasoline but paint thinner. The trial court excluded this evidence, apparently on the ground that the expert was not properly qualified, and particularly mentioned that he was not a college graduate. We have reviewed the qualifications of the expert and reluctantly conclude that it was an abuse of discretion not to hold that the expert was qualified to give an opinion. Although we think that giving an opinion that the substance used in the bomb was paint thinner rather than gasoline on the basis of the evidence available to the expert stretches credulity to its outermost limits, the evidence was nevertheless admissible. It was for the jury to evaluate it. Nothing prevented the government from calling experts of its own to show that no self-respecting expert in fire causation could possibly form an opinion as to the liquid used in the bomb on the basis of the evidence available to the expert.
 
 
 8
 The final question raised relates to increasing the sentence after the second trial. We need not rule on this point, since there will be a new trial and, if defendant is convicted, a new sentence. We do, however, point out that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), contains explicit requirements concerning the findings that a trial judge must make if he imposes a more severe sentence on a defendant after a second trial, following a successful appeal from a first trial. We, of course, must and will enforce these requirements imposed upon sentencing judges by the Supreme Court.
 
 
 9
 The judgment is reversed and the case is remanded for a new trial.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation