TONE, Circuit Judge.
Plaintiff brings this pro se action under 42 U.S.C. § 1983 against numerous policemen arid prosecutors involved in his arrest and conviction for murder by an Illinois court in 1970. His incarceration in a state prison under a sentence of 99 to 199 years gives rise to the principal issues presented on this appeal, which relate to the rights of an incarcerated felon in prosecuting a pro se civil action.
In briefs filed on plaintiff’s behalf in this court, pro se and by court-appointed counsel on appeal, he asserts that the District Court erred in failing to appoint counsel and in dismissing his action for want of prosecution for failure to appear or seek a writ of habeas corpus ad testificandum. He also challenges interlocutory rulings in which the court dismissed certain allegations of the complaint as insufficient in law and granted summary judgment in favor of four defendants.
It is unnecessary to state the facts or the history of the action in any detail. After lengthy pretrial proceedings that included motions directed at pleadings and interrogatories and answers thereto, and during which plaintiff attempted without success to retain an attorney and also unsuccessfully moved the court to appoint an attorney, the case came on for trial on September 8, 1975. Plaintiff, although he knew of the approaching trial date, neither requested witness subpoenas nor applied for a writ of habeas corpus ad testificandum directed against his jailor (although on the occasion of a previous hearing he had sought such a writ and the court had denied his application without prejudice). There being no one present on behalf of plaintiff when the case was called for trial, the court dismissed the action for want of prosecution. A notice of appeal was timely filed and, following delays attributable to the fact that plaintiff had no counsel, this court appointed counsel, who had agreed to act, to represent him.
I.
We hold that the District Court erred in dismissing the action for want of *431 prosecution under the circumstances of this case. If the question of whether a writ of habeas corpus ad testificandum should issue was considered by the court and decided in the negative, a dismissal of the action could not properly be based on the fact that the plaintiff failed to come to court, at least until other possible methods of disposing of the case on the merits,, such as a bench trial in the prison if the plaintiff waived a jury, or trial by depositions, had been explored and found not to be feasible. If the reason the writ was not issued was that plaintiff did not ask for it, we think dismissal was still not justified. It is true that on a prior occasion plaintiff had requested an ad testi-ficandum writ and therefore must have been aware that he could do so again. The request had been refused the first time, however, and it was likely that plaintiff’s failure to renew was based upon a justifiable belief that doing so would have been futile.
The question of whether the prisoner should be permitted to attend the trial should have been considered and decided by the court in the light of the standards set forth in Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976), and Moeck v. Zajackowski, 541 F.2d 177, 180 (7th Cir. 1976). To these factors should be added the possible interest of a defendant in having a claim of wrongdoing decided within a reasonable time and not left pending against him.
If a weighing of these factors had resulted in the court’s exercise of its discretion not to issue an ad testificandum writ to enable the plaintiff to attend the trial, the court should have considered other possible avenues for disposing of the case on the merits. One possibility is a trial within the prison by the judge, if the parties waive a jury. Another possibility is the presentation of evidence by depositions. Although, as Stone v. Morris points out, the latter course is likely to be unsatisfactory when issues of credibility must be determined, it is preferable to a failure to reach the merits of the case. In a case in which it appears that plaintiff will be released from incarceration within a reasonable time, postponement of the trial is a sensible alternative to requiring plaintiff’s presence in court. Sey-bold v. Milwaukee County Sheriff, 276 F.Supp. 484, 487 (E.D.Wis.1967). When, however, plaintiff will be incarcerated for many more years, as in this case, postponement of the trial is not a satisfactory solution. It is unnecessary in the instant case to reach the question of whether, under such circumstances, dismissal of the case for want of prosecution is ever appropriate. Edgerley v. Kennelly, 215 F.2d 420 (7th Cir. 1954), held that it was, and that part of the court’s decision was not overruled by Stone v. Morris. We need not reach the question of whether Edgerley should be overruled or modified, because it is possible that upon remand a way of deciding this case on the merits will be found.
28 U.S.C. § 1915(d) merely authorizes the court to “request” an attorney to represent a party who is proceeding in forma pauper-is. Ehrlich v. VanEpps, 428 F.2d 363, 364 (7th Cir. 1970). We are not now disposed to overrule the holding of LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967), that the question of whether to request counsel to serve “rests in the sound discretion of the district courts unless denial would result in fundamental unfairness impinging on due process rights,” a question reserved in Chapman v. Kliendienst, 507 F.2d 1246 n. 6 (7th Cir. 1974). We point out, however, that it is extremely helpful to the court to have the plaintiff represented by counsel in a case such as this. We ourselves requested counsel to serve on appeal. Although a court is understandably reluctant to impose on an attorney the burden of representing a party in a civil case without fee, the attorney who accepts such an appointment can perform a valuable service, if only in preventing the waste of valuable judicial time.
We remand the case to the District Court with directions to reinstate the action; to consider whether counsel should be requested to act for the plaintiff; to consider whether the plaintiff’s presence at the trial should be made possible by the issuance of a writ of habeas corpus ad testificandum; in the event the answer to that question is *432 negative, to consider other possible alternatives to achieve a disposition on the merits; and, finally, to take any other action that is consistent with this opinion. Circuit Rule 18 shall apply.
II.
There remains the question of whether the District Court erred in dismissing certain allegations of the complaint and granting summary judgment in favor of four of the defendants. The first group of allegations relate to the treatment of plaintiff by the Peoria County Sheriff’s Department while he was in custody prior to trial. These allegations, as supported by excerpts from the testimony of plaintiff’s criminal trial attached to the complaint, were dismissed by the district judge as involving “jail security and policy guidelines implemented in administering the jail,” and as “not of sufficient magnitude or so exceptional in nature as to warrant a federal court’s interference in the jail administration” even if proved. This ruling was correct as to many of the allegations. There are some, however, such as destruction of legal papers and electronic eavesdropping on conversations between plaintiff and his attorney, that would be actionable if proved. See, e. g., Adams v. Carlson, 488 F.2d 619, 631 (7th Cir. 1973). On remand, the court should carefully review these individual allegations and determine which of them should be allowed to stand under the liberal pleading rule of Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). See also Bracey v. Herringa, 466 F.2d 702, 703 (7th Cir. 1972); Sigafus v. Brown, 416 F.2d 105, 106 (7th Cir. 1969). The genuineness of any fact issues raised by the pleadings may, of course, be tested by summary judgment proceedings.
The second group of stricken allegations charge that the prosecutors and the Sheriff’s Department destroyed and falsified a line-up report and police tapes of incoming telephone calls. Any claim against the prosecutors based on these allegations is barred by the doctrine of absolute official immunity. Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Claims based on these allegations and asserted against defendants to whom .the defense of absolute immunity is not available should not have been dismissed. It is true that these allegations concern matters that presumably were fully aired in .the state proceedings, the records of which are not before us, and it may well be that plaintiff is collaterally estopped by reason of determinations made either in the criminal proceeding or in state post-conviction proceedings from raising all or some of the factual issues to which these allegations are addressed. Williams v. Liberty, 461 F.2d 325, 327 (7th Cir. 1972)[1]; Blankner v. City of Chicago, 504 F.2d 1037, 1041 (7th Cir. 1974), cert. denied, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101 (1975); Goss v. Illinois, 312 F.2d 257, 259 (7th Cir. 1963). We cannot tell from the present record whether this is so.
Another group of allegations charges that the prosecutors improperly conducted the prosecution in various ways. As we have said, these charges cannot succeed in the face of the prosecutors’ absolute immunity.
For the same reason, charges that the prosecutors induced witnesses to commit perjury are barred by the immunity doctrine. The same allegations are made against the captain of the sheriff’s police, who does not enjoy absolute immunity. We think, however, that broadside unspecific allegations of inducing perjury by numerous witnesses are insufficient even under the liberal pleading rules of Haines v. Kerner, supra. Plaintiff will have an opportunity to file an amended pleading in which *433 he specifies any alleged perjurious statements which he contends were made by a witness and any conduct of the captain which plaintiff contends induced such statements. If the issue to be raised by such allegations has been disposed of adversely to plaintiff in prior state proceedings, the defendant may be entitled to invoke the doctrine of collateral estoppel. See note 1, supra, and accompanying text. This can only be determined after reasonably specific allegations are made and the records of the state proceedings examined.
Summary judgment was properly granted in favor of four defendants. Three were prosecuting attorneys who are alleged to have done various acts in the course of performing their prosecutorial duties and who are protected by immunity from a civil suit for damages under § 1983 by Imbler v. Pachtman, supra, 424 U.S. at 431, 96 S.Ct. 984. The fourth was a police officer who established without contravention that he did not participate in the arrest and therefore could not have participated in the acts charged against the police defendants. He too was, entitled to summary judgment.
The judgment is reversed, and the action is remanded to the District Court for further proceedings consistent with this opinion.

. In Williams the court said,
It is established that a prior criminal conviction may work an estoppel in a subsequent civil proceeding. [Citing cases.] The estoppel, however, extends only to questions “distinctly put in issue and directly determined” in the criminal prosecution. Williams v. Liberty, supra, 461 F.2d at 327. Although the law in this circuit is clear, the Supreme Court has not yet held that collateral estoppel is applicable in § 1983 cases. See Preiser v. Rodriguez, 411 U.S. 475, 509 n. 14, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (Brennan, J., dissenting).