**Paul SEARING and JoAnn Searing, Plaintiffs-Appellants,**

v.

**Edward B. HAYES, Defendant-Appellee.**

No. 82–1036.

United States Court of Appeals, Tenth Circuit.

July 30, 1982.

J. Steven Schweiker of David R. Gilman & Associates, Overland Park, Kan., for plaintiffs-appellants.

James W. Bouska, Overland Park, Kan., for defendant-appellee.

Before SETH, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

The appellants, Paul and JoAnn Searing, brought this civil rights action under 42 U.S.C. § 1983 and § 1985 for damages against Officer Edward B. Hayes. The complaint alleges that a search warrant executed on August 17, 1979 to search their residence was based on false statements knowingly or recklessly made by the defendant, thereby depriving them of their Fourth Amendment right to freedom from unreasonable searches and seizures. Also the complaint alleges that the defendant conspired with an unknown female informant to procure an illegal search warrant in violation of 42 U.S.C. § 1985. The United States District Court granted the defendant's motion for summary judgment. The court held that the plaintiffs had received a full and fair opportunity to litigate the legality of the search warrant in the state criminal proceeding, thus they were collaterally estopped from seeking relief in federal court.

The plaintiffs were charged in the state court with the felonious possession of marijuana with the intent to sell. The plaintiffs filed a motion to suppress evidence seized asserting that the search warrant was obtained by a false affidavit knowingly or recklessly made by Officer Hayes. Specifically the plaintiffs alleged that the informant used by the officer never observed controlled substances in their home and that Officer Hayes knew it. The plaintiffs' offer of proof included affidavits by plaintiffs and their son stating that a female stranger had been observed at their home the day before the search warrant was executed. But they claimed that she was not allowed to enter the house and she could not have observed anything inside the house because the drapes were closed.

Plaintiffs' counsel also submitted an affidavit stating that the female stranger described at the plaintiffs' home matched a description of a confidential informant involved in a number of cases he had handled before. In those cases the informant allegedly viewed controlled substances prior to execution of a search warrant. He further stated that he believed that the informant arrived at the plaintiffs' home in an automobile driven by a member of the City-County Investigative Squad who ultimately

received the false information provided by the informant.

The motion to suppress was first heard before a state district court. The plaintiffs requested an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, and *State v. Jacques*, 225 Kan. 38, 587 P.2d 861. The court found that the Searings did not make a substantial showing that the affiant made a knowingly false statement, as required by *Franks* and *Jacques*. Thus an evidentiary hearing was denied.

The case was bound over for trial and set before a different judge. The plaintiffs renewed their motion to suppress and request for an evidentiary hearing. The court granted their motion for a hearing. At the hearing the prosecution objected to the propriety of the attorney for the Searings filing his own affidavit in support of his clients' motion to suppress. The court ruled that the attorney could either withdraw as counsel or withdraw his affidavit. He withdrew his affidavit and the court ruled that the threshold requirement of *Franks* was no longer met, so the evidentiary hearing was denied. The plaintiffs' attorney then requested reinstatement of his affidavit and the court took that motion under advisement.

Later the plaintiffs renewed their motion to suppress and request for an evidentiary hearing. They filed an additional affidavit by Mark Hunter. He stated his experience in five other cases involving a blond female informant matching the description of the female stranger in this case. Upon review of all the affidavits, including the one filed by the attorney, the court denied the motion for a *Franks* hearing on the ground that the plaintiffs had not met the required burden. The validity of the search was thereafter upheld.

The state trial was held and the jury found Paul Searing guilty of possession of marijuana with the intent to sell. JoAnn Searing pled *nolo contendere* to a misdemeanor and possession of marijuana. Both plaintiffs were sentenced and granted probation. Neither plaintiff appealed any of the state court judgments, rulings, or orders in the criminal proceedings. The plaintiffs filed this civil rights action instead.

In this civil rights action the defendant moved for summary judgment on the ground that the constitutionality of the search and seizure had been decided adversely to the plaintiffs in the state criminal proceedings. The defendant filed with his motion the state court indictments, pleadings, affidavits, and judgments. The plaintiffs filed no supporting affidavits or other material contemplated by Rule 56 of the Federal Rules of Civil Procedure. The plaintiffs did file a memorandum. The trial court granted summary judgment for the defendant on the ground of collateral estoppel. On appeal the plaintiffs contend that the state court's failure to grant them a *Franks* evidentiary hearing on the truthfulness of the affidavit denied them an opportunity to litigate fully their claims so collateral estoppel should not apply.

Under Federal Rule of Civil Procedure 56 the party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact. In response the opposing party cannot simply rely on the pleadings, but through affidavits or otherwise, must show there is a genuine fact issue. *Baum v. Gillman*, 648 F.2d 1292 (10th Cir.); *Brown v. Chaffee*, 612 F.2d 497 (10th Cir.). The defendant filed a motion for summary judgment with supporting documents. The plaintiffs responded by admitting all of the defendant's allegations of material fact and argued the legal issues. Since the plaintiffs did not respond with specific facts showing a genuine issue for trial, summary judgment was properly before the trial court.

The doctrine of collateral estoppel provides that once a court has actually decided an issue of fact or law necessary to its judgment, the decision precludes relitigation of the issue in a subsequent suit on a different cause of action involving a party of the prior litigation. *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210; *Brown v. DeLayo*, 498 F.2d 1173 (10th Cir.). In *Allen v. McCurry*, 449

U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308, the United States Supreme Court held that the doctrine of collateral estoppel generally applies to civil rights actions. *See also Kremer v. Chemical Construction Corp.,* — U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In *Allen* the plaintiff filed a § 1983 action alleging damages due to an unconstitutional search and seizure of his home. The Supreme Court determined that collateral estoppel could preclude the federal suit since the same issue had been litigated in a suppression hearing during a state court criminal proceeding.

In this case the federal district court determined that the validity of the search and seizure is the primary issue in the civil rights action. We agree that the plaintiffs' claim under this civil rights complaint involves the same issue of legality as in the suppression hearing during the state court criminal proceedings. Thus collateral estoppel may preclude the relitigation of that issue in federal court. *Metros v. United States District Court for Dist. of Colo.,* 441 F.2d 313 (10th Cir.).

The Supreme Court also points out that collateral estoppel "cannot apply when the party against whom an earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308. The plaintiffs contend that since they never received a *Franks* hearing, they did not receive a full and fair opportunity to litigate the legality of the search warrant.

To qualify for a *Franks* evidentiary hearing the plaintiffs had to make a substantial preliminary showing that Officer Hayes knew of or recklessly disregarded the informant's inability to see the marijuana. It is not enough to show that the informant did not actually see the contraband. *United States v. Schauble,* 647 F.2d 113 (10th Cir.). The *Franks* case only permits an evidentiary hearing to impeach the affiant, not the informant. The plaintiffs failed to meet the necessary threshold requirement of *Franks.* Although their affidavits indicate

that the informant could not have seen the contraband, there was never any offer of proof that Officer Hayes was making a false statement either knowingly or recklessly. It was asserted that an officer drove the informant to the plaintiffs' home but he was never identified as the affiant, so the plaintiffs failed to make the preliminary showing for the evidentiary hearing. Thus the plaintiffs received a full and fair opportunity to litigate the legality of the search warrant. Just because they did not meet the requirements under *Franks* to receive an evidentiary hearing does not limit the application of collateral estoppel.

The state court found that the affiant was truthful and that the search warrant was legal, and the plaintiffs are now bound by that determination in federal court. The summary judgment was proper.

AFFIRMED.