**BLINDER, ROBINSON & CO., INC., and Meyer Blinder, Plaintiffs,**

v.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION, the United States of America, and Unnamed Officers and Agents, Defendants.**

Civ. A. No. 80–M–1067.

United States District Court,
D. Colorado.

June 8, 1983.

Marc Geman, Englewood, Colo., Mahlon M. Frankhauser, Charles R. Mills, Barrett, Smith, Schapiro, Simon & Armstrong, Washington, D.C., for plaintiffs.

John J. Kelly, Jr., Denver, Colo., Jeffrey B. Maletta, Michael K. Wolensky, John P. Sweeney, Whiteney Adams, Office of the General Counsel Securities & Exchange Commission, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER FOR SUMMARY JUDGMENT OF DISMISSAL

MATSCH, District Judge.

This is an action seeking damages, declaratory and injunctive relief arising from an investigation conducted by the Securities and Exchange Commission pursuant to an Order Directing Private Investigation, issued August 3, 1978. Jurisdiction is asserted under 15 U.S.C. §§ 77v(a), 78aa and 28 U.S.C. §§ 1331, 1346. The material facts are undisputed.

Blinder, Robinson and Co., Inc. ("Blinder, Robinson") is a broker-dealer registered with the Securities and Exchange Commission ("SEC") pursuant to Section 15(b) of the Securities Exchange Act, 15 U.S.C. § 78 o (b). Meyer Blinder is the president, chairman of the board and majority shareholder of Blinder, Robinson. On August 3, 1978, the SEC issued an Order Directing Private Investigation of Blinder, Robinson ("the Order"), authorizing inquiry into possible violations of the registration and antifraud provisions of the federal securities laws.

On August 15, 1980, Blinder, Robinson filed the complaint which initiated the instant action, alleging that the 1978 Order violated Section 20(a) of the Securities Act, Section 21(a) of the Securities Exchange Act and the Fourth Amendment to the United States Constitution.[1] A motion for

---

1. It was contended that the Order lacked the requisite statutory determination that an investigation is necessary to determine whether "any person has violated, is violating, or is

temporary restraining order was called for hearing on August 19, 1980, at which time counsel for the defendant advised that the outstanding subpoenas had been "adjourned." On August 27, 1980, the SEC filed a civil enforcement action against Blinder, Robinson, Meyer Blinder and others, seeking injunctions against violations of the federal securities laws. On September 18, 1980, the Commission moved to dismiss the instant action as moot, asserting that the filing of the civil enforcement action had effectively concluded the SEC investigation.

On October 1, 1980, Blinder, Robinson amended its complaint, seeking (1) a declaratory judgment that the 1978 Order was invalid, and, (2) an injunction restraining the Commission from using any information gathered pursuant to that order in any action against Blinder, Robinson. On October 6, 1980, a hearing on the Commission's motion to dismiss was held. The following day, this court dismissed the action as moot, noting that challenges to the Order could be effectively, and more appropriately, pursued in the context of the pending enforcement proceeding.

The enforcement action proceeded to trial on July 6–14, 1981. At no time did the defendants there, Blinder, Robinson or Meyer Blinder, seek to suppress or otherwise object to the introduction of evidence derived from the "tainted" investigation.[2] On June 8, 1982, this court entered judgment against Blinder, Robinson and Meyer Blinder, finding that they had violated Section 17(a) of the Securities Act, Sections 10(b) and 15(c) of the Securities Exchange Act and Rules 10b–5, 10b–6, 10b–9 and 15c2–4 promulgated thereunder. *SEC v. Blinder, Robinson & Co., Inc., et al.,* 542 F.Supp. 468 (D.Colo.1982). An appeal of this judgment

is presently pending. *SEC v. Blinder, Robinson, Inc., et al.,* No. 82–1954, (notice of appeal filed August 6, 1982).

On October 27, 1982, the Tenth Circuit Court of Appeals, after declining to consider the pending appeal of the civil enforcement proceeding, reversed the dismissal of the instant action, holding that, so long as the 1978 Order remained in effect,[3] the Commission could resume its investigation "within the four corners of its outstanding investigative order." *Blinder, Robinson & Co. v. SEC,* 692 F.2d 102, 106 (10th Cir.1982).

On January 10, 1983, Blinder, Robinson filed a second amended complaint, joined by Meyer Blinder as an additional plaintiff, asserting three claims for relief from the Commission and unknown officers and agents. The first claim seeks a permanent injunction preventing the Commission and its employees "from utilizing a formal order of investigation in violation of Plaintiffs' Fourth Amendment rights and Fifth Amendment due process rights." The second claim requests a declaration that the 1978 Order "was an invalid exercise of the Commission's statutory authority and was applied by staff members designated with subpoena power in an unconstitutional manner in violation of Plaintiffs' Fourth Amendment rights." The third claim asks for damages as a consequence of the acts and conduct of the defendants which "violated Plaintiffs' rights including their right to privacy and the right to be free from wrongful intrusions, as found under the Constitution of the United States, the Constitution of Colorado and common law."

The SEC moved for a summary judgment of dismissal of all three claims, asserting, inter alia, that the plaintiffs are barred by

---

about to violate" the federal securities laws, *see e.g.* 15 U.S.C. § 78u(a), and that the grant of such "unlimited power for an unlimited period of time" constituted a violation of the plaintiffs' Fourth Amendment rights.

2. Blinder, Robinson did file an amended answer raising, as the Eighth Affirmative Defense, the illegal and unconstitutional nature of the SEC investigation and asserting that the Commis-

sion "is barred, estopped and precluded from bringing this action and/or seeking relief against the defendants." No objection to the SEC evidence was based on that contention.

3. In an affidavit filed February 11, 1983, the Chief Counsel of the Division of Enforcement asserted that he formally terminated the 1978 Order on September 9, 1982.

collateral estoppel from "relitigating issues concerning the lawfulness of the Commission's investigation," and asserting a lack of subject matter jurisdiction and a lack of standing as well as immunity from damages.

■ "The doctrine of collateral estoppel provides that once a court has actually decided an issue of fact or law necessary to its judgment, the decision precludes relitigation of the issue in a subsequent suit on a different cause of action involving a party of the prior litigation." *Searing v. Hayes,* 684 F.2d 694, 696 (10th Cir.1982) (citing *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). *See also Lujan v. United States Dept. of Interior,* 673 F.2d 1165 (10th Cir.1982), *cert. denied,* — U.S. —, 103 S.Ct. 297, 74 L.Ed.2d 279 (1982); *Brown v. DeLayo,* 498 F.2d 1173 (10th Cir.1974). It is well settled that this common law doctrine of issue preclusion is generally applicable to constitutionally based civil rights claims. *See e.g. Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (§ 1983 claim based on unreasonable search and seizure); *Searing v. Hayes, supra* (same).

The collateral estoppel doctrine has been held to bar a subsequent civil action challenging the constitutional sufficiency of a Fourth Amendment search where, in a prior criminal action, the issue of suppression had been raised by the defendant and decided adversely to him. *Allen v. McCurry, supra; Searing v. Hayes, supra; Smith v. Sinclair,* 424 F.Supp. 1108 (W.D.Okl.1976); *Pyles v. Keane,* 418 F.Supp. 269 (S.D.N.Y.1976). Moreover, preclusive estoppel effect, both as to the elements of the crime charged as well as to the constitutionality of an underlying search, has been held to arise from a defendant's guilty plea, notwithstanding the lack of actual litigation of the critical issues. *Ivers v. United States,* 581 F.2d 1362 (9th Cir.1978) (elements of the crime); *Brazzell v. Adams,* 493 F.2d 489 (5th Cir. 1974) (same); *Metros v. United States District Court for District of Colorado,* 441 F.2d 313 (10th Cir.1971) (illegal search); *Hooper v. Guthrie,* 390 F.Supp. 1327 (W.D.

Pa.1975) (illegal search); *Palma v. Powers,* 295 F.Supp. 924 (N.D.Ill.1969) (illegal search).

■ The question in this case is whether the findings of fact, conclusions of law and judgment in the civil enforcement proceeding, resulting from evidence derived from the use of the challenged investigatory order, precludes the defendants in that proceeding from pursuing these claims attacking the constitutional and statutory sufficiency of the investigatory activities in a separate civil proceeding brought by them as plaintiffs.· The answer is yes.

The plaintiffs contend that the Commission prevented their challenge to the lawfulness of the investigation by declining to permit consolidation of this case with the civil enforcement action. This contention is without merit. It is undisputed that the legality of the Commission investigation could have been challenged in the enforcement proceeding by a motion to suppress evidence, or by objections to the introduction of the evidence derived from the Commission's investigatory actions. It is apparent that the defendants, now plaintiffs, were aware of the source and significance of the "tainted" evidence used in the enforcement action. Accordingly, the plaintiffs, by their knowing inaction, waived any challenge to the legal sufficiency of the investigation. *See Cramer v. Crutchfield,* 648 F.2d 943, 945 (4th Cir.1981); *Metros v. United States District Court for Dist. of Colorado, supra; Hooper v. Guthrie, supra; Palma v. Powers, supra. See also Lujan v. United States Dept. of Interior, supra,* at 1168–1169; *Prosise v. Haring,* 667 F.2d 1133, 1138 n. 3 (4th Cir.1981), *cert. granted,* — U.S. —, 103 S.Ct. 205, 74 L.Ed.2d 164 (1982); *Williams v. Liberty,* 461 F.2d 325, 328 (7th Cir.1972).

■ This result meets the general requirement that, to apply the collateral estoppel doctrine, the party against whom the earlier decision is asserted must have had a "full and fair opportunity" to litigate the issue. *Allen v. McCurry, supra,* 449 U.S. at 95, 101 S.Ct. at 415; *Montana v. United States, supra,* 440 U.S. at 153, 99 S.Ct. at

973; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788 (1971). This inquiry turns not on whether the party actually litigated the issue, but rather whether the party had the *incentive and opportunity* to do so. *See* Vestel, *The Restatement (Second) of Judgments: A Modest Dissent,* 66 Cornell L.Rev. 464, 468–470 (1981). The plaintiffs here, as defendants there, had ample opportunity, in the context of the enforcement proceeding, to contest the legality of the SEC investigation. They had every incentive to litigate the issue of investigatory validity "fully and vigorously." *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 332, 99 S.Ct. 645, 652, 58 L.Ed.2d 552 (1979). They should not now be heard to assert that, due to their knowing inaction, the issue was not decided for purposes of collateral estoppel.[4]

The plaintiffs assert, however, that the monetary, injunctive and declaratory relief instantly sought involves issues which could not have been determined in the prior enforcement proceeding. "Plaintiffs therefore have never had a 'full and fair opportunity' to litigate those issues." This contention, however, misconstrues the nature of the collateral estoppel doctrine. No contention is made that all issues were "decided" in the enforcement proceeding. Rather, only the fundamental issue of the lawfulness of the Commissions' investigation was necessarily, and conclusively, determined. That determination, however, precludes pursuit of the instant claims for relief which, as framed in the pleadings, are predicated solely on the illegality of the SEC action. Accordingly, the defendants are entitled to a dismissal of these claims for relief.

Upon the foregoing, it is

ORDERED, that the defendants' motion for summary judgment of dismissal is granted and this civil action is dismissed with prejudice and the defendants may re-cover their costs to be taxed upon the filing of a bill of costs within ten days from the entry of judgment.

---

4. One court has noted that, at best, a litigant who has once foregone his opportunity to contest a significant matter in a prior proceeding should "have the burden of explaining his failure to controvert the matter..." *Palma v.*

*Powers, supra,* at 936. The instant plaintiffs, however, have proffered no explanation for their failure to attack the legality of the investigation in the prior enforcement proceeding.