PONDEROSA DEVELOPMENT CORPO-
RATION, a Wyoming Corporation;
Francis H. McVay, and Karen A.
McVay, Plaintiffs,

v.

Delbert M. BJORDAHL, Individually and
as an employee of WPSC and agent of
all Defendant S & Ls; Ron L. Brown,
Individually and agent of WPSC; Del-
bert M. Bjordahl and Ron L. Brown as
partners in Rondel Realty, 929 Kansas
City Street, RDI Group or other part-
nerships, John P. Clark; Frank D. Ev-
erett; Lloyd K. Pugh; Curtis L. Camer-
on; E.W. Boyles; and Floyd Snyder, Jr.
all as individuals, as directors of
WPSC, as members of WPSC executive
committee and as officers and employ-
ees of each of their respective S & Ls;
Elmer Koehn, all as individuals, as di-
rectors of WPSC and as employees and
officers of their respective S & Ls;
United Federal Savings & Loan, Aber-
deen, South Dakota; First Federal Sav-
ings & Loan, Rapid City, South Dakota;
First Federal Savings & Loan, Water-
town, South Dakota; Yankton Savings
& Loan, Yankton, South Dakota; as
South Dakota S & Ls, as stockholders
of WPSC, as employers of the directors
and members of the executive commit-
tee of WPSC, and as principals of their
agents, WPSC, Bjordahl and Brown;
and Western Plains Service Corpora-
tion, a South Dakota Corporation, De-
fendants.

No. C83–0312–B.

United States District Court,
D. Wyoming.

June 1, 1984.

Jack R. Gage, Hanes, Gage & Burke, Cheyenne, Wyo., for plaintiffs.

Paul J. Hickey, Bagley, Hickey, Evans & Statkus, Cheyenne, Wyo., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND JUDGMENT

BRIMMER, Chief Judge.

This matter came on for hearing upon defendants' Motion for Summary Judgment. The Court has considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

Plaintiffs were previously defendants in a foreclosure action in this Court filed by defendant Western Plains Service Corporation. *Western Plains Service Corporation v. Ponderosa Development Corporation, et al,* Civil Action No. C81–20–B (D.Wyo.1983). Plaintiffs in their amended answer and counterclaim in that action alleged that defendants Brown and Bjordahl undertook the same conduct that serves as the basis for their fourth and fifth causes of action in the amended complaint herein. The record in Civil No. C81–20–B shows that the Court permitted plaintiffs herein to amend their amended answer and counterclaim at the final pretrial conference to allege that Western Plains Service Corporation, through its agents Brown and Bjordahl, defrauded plaintiffs and that they were afforded a full and fair opportunity to develop that issue at trial of that case. The Court in Civil No. C81–20–B reserved its ruling upon Western Plains Service Corporation's Motion for a Directed Verdict upon the allegation and subsequently ruled

in Western Plains Service Corporation's favor during the jury instruction conference, stating that plaintiffs had offered inadequate evidence to establish a jury question upon that issue, and refused to submit the question to the jury. The factual allegations underlying that fraud claim were virtually identical to those underlying plaintiffs' first and fifth causes of action herein. The jury in Civil No. C81–20–B returned a verdict in plaintiffs' favor upon their counterclaim and awarded plaintiffs $250,000.00 damages upon their breach of contract claim, and $40,000.00 upon their slander of title claim, on which judgment was entered. Plaintiffs do not dispute that they were parties in such prior action.

▬ Under the doctrine of claim preclusion, or res judicata, a final judgment upon the merits in an action precludes the parties or their privies from relitigating the issues that were or could have been raised in that action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Under the doctrine of issue preclusion, or collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of that issue in a suit on a different cause of action, involving a party, or privy to a party to the first cause of action. *Id.; Searing v. Hayes,* 684 F.2d 694, 696–697 (10th Cir.1982); *Lujan v. D.O.I.,* 673 F.2d 1165, 1168 (10th Cir.1982); *Carter v. Money Tree Company,* 532 F.2d 113 (8th Cir.1976), cert. denied 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380; *Robbins v. District Court of Worth County, Iowa,* 592 F.2d 1015, 1017–18 (8th Cir.1979). *Rust v. First National Bank of Pinedale,* 466 F.Supp. 135, 139 (D.Wyo.1979) also establishes the standards to be applied by this Court in determining that a claim has been litigated in a prior action. The record herein clearly shows that plaintiffs were given a full and fair opportunity to litigate, and in fact did litigate, the issues presented in their first, fourth and fifth causes of action herein in Civil No. C81–20–B.

▬ Furthermore, to the extent that plaintiffs now seek to apply new legal theo-

ries to the same underlying factual allegations previously asserted in Civil No. C81–20–B, such claims are barred as well under the merger doctrine of res judicata, and under the compulsory counterclaim rule. *Shadid v. Oklahoma City,* 494 F.2d 1267, 1268 (10th Cir.1974); *Circle v. Jim Walter Homes, Inc.,* 654 F.2d 688, 691 (10th Cir. 1981); *Poe v. John Deere Co.,* 695 F.2d 1103, 1106 (8th Cir.1982); *Roach v. Teamsters Local Union No. 688,* 595 F.2d 446, 448 (8th Cir.1979); *Federal Rules of Civil Procedure,* Rule 13(a). Finally, the directed verdict upon plaintiffs' fraud claim in C81–20–B constituted an adjudication on the merits and therefore is adequate to invoke the doctrines of collateral estoppel and res judicata. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–80, 94 S.Ct. 806, 811–12, 39 L.Ed.2d 9 (1974); *Yazzie v. Sullivent,* 561 F.2d 183, 188 (10th Cir. 1977); *Lane v. Chowning,* 610 F.2d 1385, 1388 (8th Cir.1979); *Dulin v. Circle F Industries, Inc.,* 558 F.2d 456, 465 (8th Cir. 1977). While various defendants herein were not parties to Civil No. C81–20–B, it is clear that they may assert these preclusion doctrines against plaintiffs under modern decisions which relax the mutuality requirements traditionally applied by courts. *Zdanok v. Glidden Co, Durkee Famous Foods Div.,* 327 F.2d 944 (2nd Cir.1964); *Mackris v. Murray,* 397 F.2d 74 (6th Cir. 1968); *Graves v. Associated Transport, Inc.,* 344 F.2d 894 (4th Cir.1965); *Bernhard v. Bank of America Nat. Trust and Savings Ass'n,* 19 Cal.2d 807, 122 P.2d 892 (1942); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Therefore the determinations of the court and jury concerning liability and damage issues in Civil No. C81–20–B are binding upon plaintiffs herein and may not be relitigated in this proceeding.

▬ Plaintiffs' second cause of action herein alleges that defendant officers and directors of Western Plains Service Corporation were negligent in their supervision of the activities of Western Plains Service Corporation. They seek to hold such de-

fendants liable for the plaintiffs' damages allegedly sustained as a result of such negligence. The plaintiffs lack standing to assert such claims or to impose liability upon such defendants upon the theory of negligent supervision. The duty to supervise corporate employees is owed primarily to the corporation's shareholders to whom the directors and officers owe a fiduciary duty as the trustee of the shareholders' investment. 3A *Fletcher Cyclopedia Corporations*, §§ 1065–1073, 1078–1080; Annot., *Directors Liability for Defalcations*, 25 A.L.R.3d 941. Such duty has been expanded in modern cases which hold that creditors of a corporation, or depositors in a bank corporation, may sue officers and directors of the corporation for negligent supervision where such negligence resulted in diminution of the assets of the corporation to such creditor's or depositor's detriment. *Id.* However, the doctrine has not been extended to allow present or potential judgment creditors of a corporation to sue its directors and officers for their negligent supervision. Such a rule would in effect cause directors and officers to become general insurers of all of the corporation's activities where a plaintiff can show negligent supervision on their part. This doctrine has not been, and should not be, sanctioned by the courts. 3A *Fletcher Cyclopedia Corporations*, § 1066.

▇ Plaintiffs' third cause of action alleges the defendant Savings and Loan Associations (S & Ls), as shareholders of Western Plains Service Corporation, were the alter ego of Western Plains. They seek to hold defendant S & Ls personally liable for the judgment in Civil No. C81–20–B by piercing the Western Plains' corporate veil. Defendants submitted affidavits and exhibits showing that the separate corporate formalities were observed, that the shareholders of Western Plains Service Corporation did not dominate the corporate activities of Western Plains Service Corporation, and that there are no other grounds for piercing the corporate veil under *AMFAC Mechanical Supply Co. v. Federer*, 645 P.2d 73 (Wyo.1982). In the context of a motion for summary judgment the Court should look beyond the pleadings to determine whether or not genuinely disputed issues of material fact remain such as would preclude the Court from granting said motion under the standards set forth in *Federal Rules of Civil Procedure*, Rule 56(c). *Federal Rules of Civil Procedure*, Rule 56(e); *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir.1980); *Brown v. Ford Motor Co.*, 494 F.2d 418 (10th Cir.1974). Where the movant has offered evidence by affidavit or otherwise and has met the initial burden of establishing grounds for summary judgment, the opponent may not stand upon the bald allegations contained in the pleadings but rather must come forward with controverting evidence establishing a genuinely disputed issue remains concerning some material fact. *Casper v. Neubert*, 489 F.2d 543 (10th Cir.1973). Plaintiffs failed to respond to defendants' showing herein. Therefore, the defendants are entitled to prevail upon their Motion for Summary Judgment upon plaintiffs' third cause of action.

▇ Two alternative grounds exist to support the dismissal of plaintiffs' second and third causes of action herein. First, these claims were in existence at the time Western Plains Service Corporation filed its initial complaint in Civil No. C81–20–B on February 9, 1981, but the plaintiffs failed to assert those claims in their initial answer and counterclaim or in their first amended answer and counterclaim. Then, on March 21, 1983, over twenty-five months after the initial complaint had been filed, plaintiffs sought leave to further amend their answer and counterclaim so as to assert the claims now set forth in their second and third causes of action herein. That motion was denied because of the imminent trial setting in Civil No. C81–20–B, and because it was doubtful that the Wyoming Court had personal jurisdiction over the shareholders, officers and/or directors of Western Plains Service Corporation who are all residents of or incorporated in the State of South Dakota and North Dakota. Those claims could, and should, have been asserted by plaintiffs in Civil

No. C81–20 in the first instance. They were merged into the verdict and judgment in Civil No. C81–20–B and are now barred by the doctrine of res judicata. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac,* 94 U.S. 351, 351, 24 L.Ed. 195 (1876); *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–579, 94 S.Ct. 806, 811–812, 39 L.Ed.2d 9 (1974); *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); *Clark v. Robert Young and Co.,* 5 U.S. (1 Cranch) 180, 193–194, 2 L.Ed. 74 (1803); *Restatement 2d of Judgments,* § 24; *Louis Cook Plumbing and Heating Inc. v. Frank Briscoe Co.,* 445 F.2d 1177, 1179 (10th Cir.1971); *Robbins v. District Court of Worth County, Iowa,* 592 F.2d 1015, 1017–1018 (8th Cir.1979).

 Second, these issues were fully and fairly litigated in *Zimmerman, et al. v. First Federal Savings and Loan Ass'n of Rapid City, et al.,* Civil Action No. C82–26–B consolidated with C82–399–B (D.Wyo. 1983) (*Zimmerman* ). The plaintiffs herein participated in that action, testifying on behalf of the plaintiffs. Counsel for plaintiffs herein, and in Civil No. C81–20–B, was given access to all of the written discovery materials possessed by the plaintiffs in *Zimmerman.* Such materials motivated him to seek the second amendment to the answer and counterclaim in Civil No. C81–20. After a lengthy trial on the merits in *Zimmerman,* the defendants herein prevailed by jury verdict upon these very same issues of negligent supervision and piercing the corporate veil. Now, the plaintiffs are attempting to present the same matters to a new jury panel in hopes of obtaining a different and inconsistent result. The Court believes such issues have been judicially determined in defendants' favor and that plaintiffs herein should not be permitted to relitigate such claims but rather should be held to the results heretofore obtained. *Cauefield v. Fidelity and Casualty Co. of New York,* 378 F.2d 876 (5th Cir.1967); *Gerrard v. Larsen,* 517 F.2d 1127 (8th Cir.1975); *Friedenthal v. Williams,* 271 F.Supp. 524 (E.D.La.1967). Casenote, *Collateral Estoppel: The Changing Role of Mutuality,* 4 Missouri L.Rev. 521 (1976). Therefore plaintiffs' second and third causes of action are barred under the doctrine of judicial estoppel. Therefore it is

ORDERED that defendants' Motion for Summary Judgment be, and the same hereby is, granted; it is further

ORDERED that plaintiffs' complaint herein be, and the same hereby is, dismissed. It is further

ORDERED that the plaintiffs take nothing, that the action be dismissed on the merits, and that the defendants recover of plaintiffs their costs of action.