**PONDEROSA DEVELOPMENT CORPORATION, a Wyoming corporation; Francis H. McVay, and Karen A. McVay, Plaintiffs-Appellants,**

v.

**Delbert M. BJORDAHL, individually and as an employee of Western Plains Service Corp. and agent of all defendant Savings & Loan Associations, et al., Defendants-Appellees.**

No. 84–1950.

United States Court of Appeals,
Tenth Circuit.

April 1, 1986.

534

Jack Gage of Hanes, Gage & Burke, P.C., Cheyenne, Wyo., for plaintiffs-appellants.

Paul J. Hickey and Mary L. Scheible of Bagley, Hickey, Evans & Statkus, Cheyenne, Wyo., for defendants-appellees.

Before McKAY, SEYMOUR, and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

In this diversity action, plaintiffs Ponderosa Development Corporation (PDC) and Francis and Karen McVay sued multiple defendants, all of whom had a legal relationship with Western Plains Service Corporation (WPSC), a savings and loan service company that packaged, serviced, and sold loans with participations from other banks or associations. In a prior related

proceeding, WPSC brought a foreclosure action against PDC and Francis McVay, PDC's president, asserting breach of a construction loan agreement. *See Western Plains Service Corp. v. Ponderosa Development Corp.*, 769 F.2d 654 (10th Cir. 1985). In that action, PDC and McVay asserted counterclaims against WPSC and its agents, Roland Brown and Delbert Bjordahl, alleging fraud, breach of contract, and slander of title. The jury awarded PDC and McVay $290,000 on the breach of contract and slander of title claims, and a judgment was entered in that amount against WPSC, Brown, and Bjordahl. The district court did not submit the fraud counterclaim to the jury, ruling that the evidence on that issue was inadequate to create a jury question.

PDC and McVay were unable to collect their judgment from WPSC because of its insolvency. Consequently they filed this action, naming as defendants six individuals who were at various times members of the Executive Committee of WPSC, and four North Dakota savings and loan associations who were shareholders of WPSC.[1] The six individual defendants were chief executive officers of their respective savings and loan associations, four of which are defendants here. PDC and McVay asserted claims based on (1) fraud; (2) negligent breach of director's duty; (3) piercing the corporate veil; (4) slander of title; and (5) tortious interference with business relations.

The district court granted defendants' motions for summary judgment on all five claims. *See Ponderosa Development Corp. v. Bjordahl*, 586 F.Supp. 877 (D.Wyo.1984). For the reasons set out in its opinion, we affirm the court's conclusion that the first claim, based on fraud, and the fifth claim, based on tortious interference with contract, are barred by collateral estoppel arising from the earlier foreclosure proceedings. *See id.* at 879. We also affirm summary judgment on the second

claim, alleging negligent supervision by the corporate directors, because we conclude that plaintiffs have abandoned this ground on appeal. However, we reverse the district court's disposition of the claims based on piercing the corporate veil and slander of title.

The judge offered three reasons for disposing of plaintiffs' alter ego claim by way of summary judgment. First, he concluded that plaintiffs had failed to controvert affidavits offered by defendants in support of their summary judgment motion. The error of this conclusion is established by a review of the procedural setting below. The defendants who are appellees filed an answer without raising the issue of personal jurisdiction. Another group of defendants, not parties to this appeal, filed a motion to dismiss for lack of personal jurisdiction which the district court granted. In the meantime, the remaining defendants filed an initial pretrial order in which they did not contest personal jurisdiction, and a summary judgment motion alleging that the suit was barred by res judicata, collateral estoppel, and the compulsory counterclaim rule. Defendants did not argue in their motion that the alter ego issue was ripe for a decision on the merits; rather, they argued that it was procedurally barred.

Subsequently, the magistrate entered a pretrial order stating that the court had jurisdiction over the remaining defendants. Thereafter the appellees filed motions to dismiss for lack of personal jurisdiction, attaching affidavits for the first time. Plaintiffs understandably resisted this motion on the ground that these defendants had waived the personal jurisdiction defense by filing various pleadings without raising it. The district judge did not dismiss the case against these defendants for lack of jurisdiction. Instead, he used the affidavits attached to defendants' personal jurisdiction motion to decide the alter ego

---

1. The suit originally named Bjordahl, who was chief executive officer of WPSC, and Brown, who was Bjordahl's partner. Both Brown and Bjordahl filed for bankruptcy and were dis-

missed from the case prior to trial. Other defendants who were directors of WPSC but not members of the WPSC Executive Committee are also not involved in this appeal.

issue on the merits because plaintiffs had not responded to the facts asserted in the affidavits. Clearly plaintiffs had a valid waiver argument and were not compelled to reply to the factual assertions in the affidavits. Defendants never moved for dismissal on the alter ego issue, and plaintiffs cannot be penalized for failing to respond to something that was never asserted. Indeed defendants concede on appeal that the lower court erred in basing summary judgment on this ground.

■ As an alternative basis, the district court concluded that the alter ego cause of action constituted a compulsory counterclaim which plaintiffs were required to assert in the foreclosure suit, and that they were barred from pursuing it in this suit by their failure to litigate it earlier. The Federal Rules of Civil Procedure provide:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any *opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the *opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Fed.R.Civ.P. 13(a) (emphasis added). The defendants against whom plaintiffs seek to assert their alter ego claim were not "opposing" parties in the earlier action. Although plaintiffs moved to join these defendants and to pursue this claim in the foreclosure suit, *their motion was denied*. An attempt to implead additional parties is materially different from a claim against an already opposing party under Rule 13(a). *See Birmingham Fire Insurance Co. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 552 (5th Cir.1983). Because plaintiffs' claim against defendants was not against an opposing party in the earlier action, it is not barred by the compulsory counterclaim doctrine.

■ Moreover, even assuming these defendants and the corporation are somehow the same "party" for purposes of the first action, the trial judge's denial of the motion

to bring them in was based in part on lack of personal jurisdiction, a ground which renders Rule 13(a) inapplicable by its own terms. Defendants should not be permitted to argue in this case that it was compulsory to bring them into the prior action when they presumably argued there that they could not be brought in for lack of jurisdiction.

A second alternative basis for the district court's action was its determination that plaintiffs were barred as a result of plaintiff Francis McVay's participation as a witness in the case of *Zimmerman v. First Federal Savings & Loan Association*, No. C82–26–B (D.Wyo.1983). In that litigation, McVay, who was not a party, testified on behalf of a plaintiff who unsuccessfully asserted an alter ego argument against these same defendants arising out of a similar loan transaction.

■ The Supreme Court has held that due process is implicated when a prior judgment is urged as binding on a nonparty. *See Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The Court has also held that an adverse judgment in an action is conclusive against participating nonparties when they "assume control over litigation in which they have a direct financial or proprietary interest...." *Montana v. United States*, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). The court in *Montana* listed several indicia of the exercise of control sufficient to impose collateral estoppel against a nonparty, including requiring the suit to be brought, reviewing and approving the complaint, paying attorney fees and costs, directing the appeal, and filing an amicus brief. *See id.* at 155, 99 S.Ct. at 974. In this case, the only evidence cited by the district court to support estoppel was McVay's testimony and his access to all of the written discovery materials possessed by the *Zimmerman* plaintiffs. This hardly establishes McVay's control over the *Zimmerman* litigation. *See generally* 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.411[6], at 456–58 (1984). We have said that where estoppel is asserted against a

nonparty, "[t]he test to be used is whether [the nonparty] had a full and fair opportunity to litigate the issues in the prior case." *United States v. Jensen,* 608 F.2d 1349, 1355 (10th Cir.1979). McVay's testimony on behalf of the *Zimmerman* plaintiff, even with access to Zimmerman's evidence, does not establish that McVay controlled the litigation to the extent that he had an opportunity to fully litigate the alter ego issue. Therefore, estoppel does not apply.

 Finally, in view of our above discussion, plaintiffs are not barred from attempting to recover damages for their slander of title claim against these defendants by asserting that they are liable on the judgment against the corporation under the alter ego theory. *See, e.g., AMFAC Mechanical Supply Co. v. Federer,* 645 P.2d 73, 77–82 (Wyo.1982). However, plaintiffs are precluded from attempting to increase the damages.

Affirmed in part, reversed in part, and remanded for further proceedings.

JOHN P. MOORE, Circuit Judge, concurring:

Because of the procedural thicket in which this case dwells, I concur with the result reached by the court, but write specially to note my concern for the tidy conclusion. PDC named some 33 separate defendants in this action. The court is correct in stating that certain of the defendants contested personal jurisdiction. Instead, the defendants involved in this appeal[1] initially filed a motion for summary judgment with a memorandum of supporting authority. Although PDC resisted various other motions to dismiss for lack of personal jurisdiction, improper venue, and collateral estoppel, PDC never responded to the Clark defendants' motion for summary judgment. The obvious consequence of this failure was to leave uncontroverted the assertions of the Clark defendants. The Clark defendants later moved to dismiss for lack of personal jurisdiction, noting that the magistrate had preserved this issue in the pretrial order.[2] This motion was accompanied by personal affidavits. Although PDC later resisted this motion to dismiss for lack of personal jurisdiction, claiming waiver, PDC never responded to the Clark defendants' motion for summary judgment.[3] While the trial court, in an effort to resolve this case on what appeared to be uncontroverted facts, may have incorporated the Clark defendants' personal jurisdiction affidavits into its understanding of the merits of the action, the fact remains the Clark defendants sought to attack the merits of PDC's complaint, and PDC never controverted that attack. This court's opinion, while procedurally exacting, overlooks the trial court's conscientious effort to manage the various metastases of this case as fairly and expeditiously as possible under the circumstances. I concur only because the rules of procedure cannot be gainsaid; however, the infinite patience already displayed by the trial court must be employed to resolve the issues reinstated by PDC's successful appeal and to conclude the action appropriately.

---

1. John P. Clark, Frank Everett, Lloyd Pugh, Curtis L. Cameron, E.W. Boyles, Floyd Snyder, and their respective savings and loan associations (the Clark defendants).

2. In their April 26, 1983, motion to dismiss for lack of personal jurisdiction, the Clark defendants stated they raised the issue of personal jurisdiction at the initial pretrial conference on February 7, 1984, and the magistrate stated the motion "should be addressed by way of motion to this Court." [Vol. II, R. 610.] Without any transcript of that proceeding, it is impossible to discern whether waiver arguments were raised.

3. Aside from attaching discovery interrogatories from the Zimmerman trial to resist the affidavit of Floyd Snyder, Jr., PDC never addressed the substantive issues raised in the motion for summary judgment. The record discloses the Clark defendants sought summary judgment on the alter ego issue. Vol. I, Record at 234 and 258.