982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randall William MURPHY, Plaintiff-Appellant,
v.
William PETTIJOHN; Tim Dennis; Douglas Farmer; Ed
Schesslemen; John Doe, Defendants-Appellees.
 Nos. 91-3379, 92-3010.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Randall W. Murphy appeals from the district court's grant of summary judgment on all claims in favor of all defendants and denial of his petition for rehearing and reconsideration. Additionally, Mr. Murphy appeals from the district court's denial of his application for leave to proceed in forma pauperis on appeal. Because we granted Mr. Murphy's motion to this court to proceed in forma pauperis, that issue is now moot.
 
 
 3
 Appearing pro se, Mr. Murphy filed a civil rights complaint alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986 and his Fourth, Fifth and Fourteenth Amendment rights. The crux of his complaint is that defendants conspired to and did prepare a false affidavit used to obtain search warrants. The search warrants were used to obtain incriminating evidence against Mr. Murphy, who was convicted in Kansas state court on various drug charges.
 
 
 4
 The United States District Court for Kansas determined that Mr. Murphy had raised the issue of the validity of the affidavit in a suppression hearing during his state court proceeding, and that the state court found that the warrant was validly issued. An appeal was taken to the Kansas Court of Appeals which considered the trial court's refusal to suppress the evidence seized under the "various search warrants." The Court of Appeals held that the "trial court's findings on defendants' motion to suppress the evidence are supported by competent evidence." Mr. Murphy's state court conviction was thus affirmed.
 
 
 5
 The United States District Court in this action held that, based on Allen v. McCurry, 449 U.S. 90 (1980), Mr. Murphy was precluded by collateral estoppel from relitigating the validity of the search warrant in this subsequent civil rights claim. It therefore granted defendants' motions for summary judgment and dismissed the case. It also denied Mr. Murphy's petition for rehearing or reconsideration. Mr. Murphy had a "full and fair" opportunity to litigate the issues in the state court proceedings and to take an appeal. The doctrine of collateral estoppel applies. For substantially the same reasons as the district court gave, we hold that Mr. Murphy's claims are barred by collateral estoppel. See Allen v. McCurry, 449 U.S. 90 (1980) (state law applies); Blinder, Robinson & Co. v. United States SEC, 565 F.Supp. 74 (D.Colo.1983), aff'd, 748 F.2d 1415 (10th Cir.1984); Spence v. Latting, 512 F.2d 93 (10th Cir.1975). As to the application of Kansas law and mutuality, see American Home Assurance Co. v. Pacific Indem. Co., 672 F.Supp. 495, 498 (D.Kan.1987); Crutsinger v. Hess, 408 F.Supp. 548, 551-55 (D.Kan.1976).
 
 
 6
 Mr. Murphy also contends that the district court erred by denying his motion to amend his complaint, conducting a pretrial conference by telephone, failing to timely rule on certain of his pleadings, and the court's refusal to grant rehearing. We find these contentions to be without merit.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3