66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Radzierez WILSON, Plaintiff-Appellant,
v.
T. BUSTAMANTE, Deputy, USMS; Denise Sepulveda, Deputy,
USMS; Ron Dewitt, Deputy, USMS; Howard, Deputy, USMS;
Albuquerque Police Department; John Does, Unknown Officers
1 and 2, Defendants-Appellees.
 No. 95-2028.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Radzierez Wilson appeals the district court's dismissal of his civil rights complaint on res judicata grounds. We affirm.
 
 
 3
 In December 1993, Mr. Wilson filed a virtually identical civil rights complaint in the District of New Mexico, asserting that his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure were violated when law enforcement officers conducted a search of his residence without a warrant or consent. In March 1994, the district court dismissed that complaint without prejudice to enable Mr. Wilson to litigate his post-conviction remedies under 28 U.S.C. Sec. 2255 in a previously filed action in the Western District of Texas raising the same search and seizure issue. In a timely motion for reconsideration, Mr. Wilson sought clarification of the district court's dismissal order. In the motion for clarification, Mr. Wilson pointed out that the section 2255 action had been dismissed by the Western District of Texas on November 22, 1993, and attached a copy of that order. He also stated that he did not appeal the Western District of Texas order.[1] The district court for the Western District of Texas had held that "even if the Petitioner's present claim of an illegal search and seizure had merit, he waived it when he entered his plea of guilty." ORDER DENYING MOTION TO VACATE SENTENCE, No. EP-93-CA-439-H (W.D.Tex., Nov. 22, 1993).
 
 
 4
 On January 17, 1995, the district court in New Mexico entered a new order responding to Mr. Wilson's motion for clarification of the dismissal order. In this new order, the district court changed the previous dismissal without prejudice to a dismissal with prejudice, having learned that the search and seizure issue had been decided in the section 2255 proceeding. The New Mexico District Court, like the Western District of Texas Court, held that Mr. Wilson's guilty plea in the criminal action barred a subsequent civil rights claim of illegal search and seizure, citing Metros v. United States District Court, 441 F.2d 313 (10th Cir.1971). But see Slayton v. Willingham, 726 F.2d 631, 634 (10th Cir.1984) (holding subsequent civil rights action for illegal search not precluded by guilty plea, but not citing Metros ).
 
 
 5
 In the meantime, on August 8, 1994, Mr. Wilson filed the complaint in the instant action, presumably in reliance on the March order that had dismissed the first complaint without prejudice. On January 30, 1995, the district court dismissed the second complaint with prejudice on res judicata grounds because of Mr. Wilson's previous civil rights case on the same issue which the court had just dismissed on January 17.
 
 
 6
 The procedural history of Mr. Wilson's efforts to seek relief for the claimed civil rights violation resulting from the allegedly illegal search is complicated and was no doubt confusing to Mr. Wilson. The bottom line, however, is that Mr. Wilson had a full and fair opportunity to litigate his search and seizure issue in the first civil rights action, and he did not appeal from the holding there that the claim was waived. The Supreme Court has clearly held that collateral estoppel principles apply in section 1983 actions. See Allen v. McCurry, 449 U.S. 90 (1980); see also Searing v. Hayes, 684 F.2d 694 (10th Cir.1982). The first civil rights judgment on January 17, 1995, collaterally estops Mr. Wilson from reasserting the same claim in his second civil rights action now before us. Therefore, the district court correctly dismissed this second action.
 
 
 7
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Actually, Mr. Wilson did appeal the Texas district court order to the Fifth Circuit, but on July 11, 1994, the Fifth Circuit granted his motion to dismiss the appeal. BRIEF AND APPENDIX OF APPELLANT at B