748 F.2d 1415
 Fed. Sec. L. Rep. P 91,850
BLINDER, ROBINSON & CO., INC. and Meyer Blinder, Plaintiffs-Appellants,
v.
UNITED STATES SECURITIES AND EXCHANGE COMMISSION, the United
States of America, and Unnamed Officers and
Agents, Defendants-Appellees.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
BLINDER, ROBINSON & CO., INC., and Meyer Blinder,
Defendants-Appellants.
 Nos. 83-2041, 84-1483.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 27, 1984.
Rehearing Denied Jan. 2, 1985.
 
 Alan C. Jacobson, P.C., Englewood, Colo. and Philip E. Lowery, P.C., Denver, Colo., for plaintiffs-appellants in No. 83-2041 and defendants-appellants in No. 84-1483.
 Linda D. Fienberg and Rosalind C. Cohen, Associate Gen. Counsel, S.E.C., Washington, D.C. (Daniel L. Goelzer, Gen. Counsel, Ruth E. Eisenberg, Sp. Counsel and Colleen P. Mahoney, Atty., Jacob H. Stillman, Associate Gen. Counsel, Sarah A. Miller, Atty., Larry R. LaVoie, Asst. Gen. Counsel, S.E.C., Washington, D.C., Paul Gonson, Sol., Washington, D.C., with them on briefs), for defendants-appellees in No. 83-2041 and plaintiff-appellee in No. 84-1483.
 Before SETH, BREITENSTEIN and SEYMOUR, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 No. 83-2041 is an appeal by plaintiffs-appellants Blinder, Robinson & Company, Inc. and Meyer Blinder, hereafter Blinder, Robinson, from an order of the United States District Court for the District of Colorado dismissing its complaint against the Securities and Exchange Commission, SEC, seeking an injunction, declaratory relief, and monetary damages.
 
 
 2
 No. 84-1483 is an appeal by Blinder, Robinson from an order of the district court denying relief under a Rule 60(b) motion. The facts are complex.
 
 
 3
 On August 3, 1978, SEC issued an "ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY" directed against Blinder, Robinson, a registered stock broker-dealer, to investigate charges of violation of the federal securities acts. In May, 1979, Blinder, Robinson became the underwriter of an offering of American Leisure Corporation to sell 10,000,000 units of securities at a price of $2.50 per unit. The completion date of the offering was March 25, 1980, but the offering was not then completed.
 
 
 4
 On August 15, 1980, Blinder, Robinson filed a complaint in the federal district court for the District of Colorado against the SEC to enjoin the SEC from using the August 3, 1978, order which was alleged to be invalid. On August 27, 1980, SEC brought an enforcement action against Blinder, Robinson to enforce its order finding that Blinder, Robinson had engaged in security act violations in connection with the American Leisure offering.
 
 
 5
 On October 7, 1980, the district court dismissed the injunction suit brought by Blinder, Robinson against SEC as moot. On June 8, 1982, the district court upheld the SEC in the enforcement action and ordered its orders enforced. See SEC v. Blinder, Robinson & Co., 542 F.Supp. 468. On October 27, 1982, the Tenth Circuit Court of Appeals reversed the Blinder, Robinson injunction suit holding that the case was not moot. See 692 F.2d 102.
 
 
 6
 On January 10, 1983, Blinder, Robinson filed its second amended complaint against SEC. The SEC moved for summary judgment and attached copies of affidavits of its personnel showing the termination of the August 3, 1978, investigatory order on September 9, 1982. See R. 174-179. The district court on June 8, 1983, again dismissed the injunction suit. See 565 F.Supp. 74. Case No. 83-2041 is an appeal from that dismissal. On September 19, 1983, the Tenth Circuit Court of Appeals affirmed the judgment in favor of SEC in the enforcement action. See unpublished opinion in No. 82-1954. Thereafter, Blinder, Robinson filed a motion to consolidate the appeals in No. 82-1954 and No. 83-2041 and a petition for rehearing with suggestion for en banc consideration. These motions were all denied by minute orders.
 
 
 7
 On January 16, 1984, Blinder, Robinson filed a motion to set aside the dismissal of its injunction action under Rule 60(b), F.R.Civ.P. On April 3, 1984, the district court denied the motion. No. 84-1483 is an appeal from this order. We consolidated No. 83-2041 and No. 84-1483 for argument and disposition.
 
 
 8
 The June 8, 1983, grant of the SEC motion for summary judgment is based on collateral estoppel. Blinder, Robinson says that this is incorrect under the Supreme Court's opinion of June 13, 1983 in Haring v. Prosise, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595. SEC agrees that Haring changes the law in this circuit with respect to collateral estoppel. SEC argues that even if the district court's action runs contra to the decision in Haring, it should be affirmed for a different reason. The order of August 3, 1978, has been terminated. The second amended complaint alleges, R. 121, that:
 
 
 9
 "The Commission, despite the filing of this action in August 15, 1980, refused to withdraw the formal order and only did so immediately prior to a scheduled conference on December 10, 1982."
 
 
 10
 An affidavit submitted by SEC shows that the date of termination was September 9, 1982. R. 174.
 
 
 11
 In First National Bank of Wichita v. Luther, 10 Cir., 1954, 217 F.2d 262, 266, we recognized that:
 
 
 12
 "... it is consistently held that an order or judgment which is correct in ultimate effect will not be disturbed on appeal even though the lower tribunal relied upon a wrong ground or gave an untenable reason for its action. The issue on appeal is the correctness in ultimate effect of an order or judgment, not the reason or reasons given therefore by the trial court. And if an order or judgment is sustainable upon any legal basis, it will be upheld on appeal ...."
 
 
 13
 See also Texaco, Inc. v. Holsinger, 10 Cir., 1964, 336 F.2d 230, 233, cert. denied 379 U.S. 970, 85 S.Ct. 669, 13 L.Ed.2d 563.
 
 
 14
 In Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed. 224, the Court said:
 
 
 15
 "In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."
 
 
 16
 Blinder, Robinson in their second amended complaint requests the court to issue a permanent injunction against the SEC from utilizing an order of investigation in violation of the plaintiffs' Fourth and Fifth Amendment rights and to declare that the August 3, 1978 order and any investigation conducted thereunder were invalid. As we have shown the order of investigation was terminated.
 
 
 17
 Under Art. III of the Constitution, federal court jurisdiction "depends on the existence of a case or controversy." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413. "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617. The controversy must exist at all stages of the proceedings, "not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272. The relief sought must be capable of addressing the alleged harm. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 104 S.Ct. 373, 374-375, 78 L.Ed.2d 58.
 
 
 18
 When SEC terminates a formal order of investigation, the staff may no longer issue subpoenas or otherwise investigate matters described in the order. See generally 17 C.F.R. 200.30-4(a)(1)-(4) and 202.5. In Blinder, Robinson v. SEC, 10 Cir., 1982, 692 F.2d 102, 106, we held that the claims were not moot because the investigatory order was still in effect, saying, "The SEC may, at its election, resume the Blinder investigation pursuant to the outstanding order. Accordingly, the complained of action is capable of repetition."
 
 
 19
 Blinder, Robinson asks the court to issue a declaration that the order of investigation and any investigation conducted thereunder is invalid. In Preiser, supra, 422 U.S. at 402, 95 S.Ct. at 2334, the Court acknowledged the difficulty in formulating a test to determine whether a request for declaratory relief was moot. It held, quoting Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." [Emphasis in original.]
 
 
 20
 Blinder, Robinson argues that there is a reasonable likelihood that the Commission will continue to grant formal orders of investigation in violation of plaintiffs' constitutional rights. Second Amended Complaint, p 25, R. 122. It is presumed that administrative agencies such as the SEC will act within the law. FCC v. Schreiber, 381 U.S. 279, 296, 85 S.Ct. 1459, 1470, 14 L.Ed.2d 383; McGarry v. Securities and Exchange Commission, 10 Cir., 1945, 147 F.2d 389, 393. Plaintiffs' assertion that it is reasonably likely that the SEC will violate their rights in the future, without more, is insufficient to establish a present, live controversy. See Ashcroft v. Mattis, 431 U.S. 171, 172-173, n. 2, 97 S.Ct. 1739, 1740, n. 2, 52 L.Ed.2d 219.
 
 
 21
 When the investigatory order terminated, there no longer existed a substantial controversy of sufficient immediacy and reality to justify the issuance of a declaratory judgment because the SEC could no longer investigate Blinder, Robinson under that order. To the extent Blinder, Robinson and other subpoena recipients have complied with subpoenas issued prior to the termination of the investigatory order, any claim to declare the subpoenas unlawful is moot. EEOC v. St. Regis Paper Co.-Kraft Division, 9 Cir., 1983, 717 F.2d 1302, 1303. Blinder, Robinson's attorneys made a tactical decision not to raise in the enforcement action the question of the validity of the investigatory order.
 
 
 22
 The court noted in Blinder, Robinson, supra, 692 F.2d at 106-107, that SEC must meet the heavy burden "of demonstrating that there is no reasonable expectation that the alleged wrongs will be repeated." The SEC has made such a showing, the termination of the order.
 
 
 23
 The third cause of action in the Blinder, Robinson second amended complaint charges that officers, employees, and agents of SEC wrongfully used the investigatory order to deprive Blinder, Robinson of constitutional rights to its damage and asks for monetary damages against them. The officers, employees, and agents of the SEC are not named.
 
 
 24
 No allegation is made of a violation of the Federal Tort Claims Act nor could it have been made. The Tort Claims Act, 28 U.S.C. 2671-2680, waives the immunity of the United States to tort claims. The statute provides, Sec. 2675(a), that the claim first be presented to the agency engaged in the unlawful conduct. Because Blinder, Robinson did not fulfill this requirement, the Act provides no basis for its claim for damages. Three-M Enterprises, Inc. v. U.S., 10 Cir., 1977, 548 F.2d 293, 294.
 
 
 25
 Federal employees are immune from monetary liability for common law torts resulting from acts "within the outer perimeter of [their] line of duty." Barr v. Mateo, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434. See Butz v. Economou, 438 U.S. 478, 495, 98 S.Ct. 2894, 2905, 57 L.Ed.2d 895. The only unlawful acts attributed in the second amended complaint to the unnamed SEC officers is the issuance of subpoenas "pursuant to the formal order, and otherwise acting under color of authority of the formal order." Second Amended Complaint, p 16, R. 120. On the face of the complaint, the unnamed officers were acting within the scope of their duties and cannot be sued for common law tort.
 
 
 26
 To state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in "artful pleading." Butz, supra, 438 U.S. at 507, 98 S.Ct. at 2911; Gulf Coast Western Oil Co., Inc. v. Trapp, 10 Cir., 1947, 165 F.2d 343, 347, cert. denied 338 U.S. 826, 70 S.Ct. 74, 94 L.Ed. 502. A plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim. Mountain View Pharmacy v. Abbott Laboratories, 10 Cir., 1980, 630 F.2d 1383, 1386-1387. Plaintiff states that defendants violated the Fourth and Fifth Amendments of the federal Constitution and unnamed sections of the Colorado Constitution. These allegations fall short of the requirement that plaintiff plead specific facts to support a constitutional claim.
 
 
 27
 We need not determine whether the SEC, its agents and employees have an absolute or qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396. Blinder, Robinson claims that the issuance of subpoenas was an unconstitutional intrusion into their affairs. SEC points out that SEC v. O'Brien, --- U.S. ----, 104 S.Ct. 2720, 2725, 81 L.Ed.2d 615, holds that SEC subpoenas "are not self-enforcing and the recipients thereof are not subject to penalty for refusal to obey." Subpoena recipients may obtain judicial review by simply refusing to comply with subpoenas and forcing the SEC to bring subpoena enforcement actions. O'Brien forecloses any argument that Blinder, Robinson could suffer irreparable harm if SEC issued defective subpoenas to other persons. The Court said, 104 S.Ct. at 2726:
 
 
 28
 "[W]hen a person communicates information to a third party even on the understanding that the communication is confidential, he cannot object if the third party conveys the information or the records thereof to law enforcement authorities."
 
 
 29
 This rule would prevent Blinder, Robinson from arguing that it would be irreparably injured by the issuance of subpoenas to third parties. The conclusory allegation that the subpoenas issued violated Blinder, Robinson's constitutional rights does not suffice to state a claim. The Third Cause of action was properly dismissed.
 
 
 30
 This brings us to No. 84-1483, the appeal from the denial of Rule 60(b) relief. The enforcement action was tried July 6-14, 1981. At the trial the defendants did not seek to suppress or otherwise object to the introduction of evidence derived from the "tainted" investigation. Blinder, Robinson & Co. v. U.S. SEC, 565 F.Supp. 74, 76. In their motion for relief under Rule 60(b), the defendants say: "former counsel for Blinder did not object to the introduction of this illegal and tainted evidence in the Enforcement Action." R. 5.
 
 
 31
 The appeal in the enforcement action was docketed in this court on August 9, 1982. On January 24, 1983, the appellants moved to remand the case. On February 17, 1983, this court denied the motion and invited the defendants to renew the motion before the panel which heard the arguments. SEC in its response to the Rule 60(b) motion said, and it is not denied, that, R. 67:
 
 
 32
 "Although defendants' present counsel, Mr. Lowery, sat at counsel's table during oral argument, defendants did not pursue that option. Counsel for defendants did not once mention during oral argument their claim that evidence introduced at trial had been obtained improperly."
 
 
 33
 The unpublished opinion, filed September 19, 1983, in case No. 82-1954 did not mention the point.
 
 
 34
 On October 3, 1983, Blinder, Robinson filed a motion to consolidate the appeals in No. 82-1954, the enforcement action, and in No. 83-2041, the injunction action. On November 16, 1983, the court denied the motion to consolidate.
 
 
 35
 On January 16, 1984, Blinder, Robinson filed in the enforcement action a motion for relief under Rule 60(b)(6). On April 3, 1984, the district court denied the motion saying, R. 135:
 
 
 36
 "The defendants' principal contention is that the trial of this enforcement action was tainted by evidence obtained unlawfully in an administrative investigation and that the defendants' trial counsel failed to raise a sufficient challenge to that evidence because of gross negligence. There is no merit in the motion. Even a cursory review of the record in this case and in Civil Action No. 80-M-1067 [the injunction suit] will reveal that the defendants were vigorously represented by competent and experienced lawyers who made a tactical decision which binds their clients."
 
 
 37
 Our appeal in No. 84-1483 is from this denial of Rule 60(b) relief.
 
 
 38
 The trial of the enforcement action was July 6-14, 1981. At the trial counsel for Blinder, Robinson did not object to the introduction of evidence obtained through the investigatory order. R. 5-6. Blinder, Robinson says R. 7-8:
 
 
 39
 "The insistence of the former trial counsel for Blinder to attack the introduction of tainted evidence 'collaterally' in the Injunctive Action rather than 'directly' in the Enforcement Action amounted to ineffective and grossly negligent assistance of counsel."
 
 
 40
 In Aune v. Reynders, 10 Cir., 1965, 344 F.2d 835, 841, we said:
 
 
 41
 "In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act."
 
 
 42
 See also United States v. 397.51 Acres of Land, 10 Cir., 1982, 692 F.2d 688, 693. A Rule 60(b) motion is an extraordinary procedure which may be granted in a showing of due cause. Brown v. McCormick, 10 Cir., 1979, 608 F.2d 410, 413.
 
 
 43
 Even assuming that Blinder, Robinson's attorney's failure to object to the allegedly improper evidence was due solely to the negligence of their counsel rather than to deliberate litigation strategy, this would not constitute a sufficient showing to warrant the extraordinary relief sought. As said in Link v. Wabash Railroad Co., 370 U.S. 626, 634, n. 10, 82 S.Ct. 1386, 1390, n. 10, 8 L.Ed.2d 734:"[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." [Emphasis in original.]
 
 
 44
 The Supreme Court has said, Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 211-12, 95 L.Ed. 207: "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."
 
 
 45
 We agree with the district court that Blinder, Robinson was represented in the Enforcement Action by competent and experienced lawyers who made a tactical decision which binds their clients. The Rule 60(b) motion was properly overruled.
 
 
 46
 By letters dated August 1, 1984 and November 6, 1984, Blinder, Robinson has directed our attention to an "Order for Public Proceedings and Notice of Hearing Pursuant to Sections 15(b) and 19(h) of the Securities Exchange Act of 1934, as amended," directed against it. In connection with that proceeding an Administrative Law Judge has denied a Blinder, Robinson motion for discovery. Any errors in that proceeding will be subject to judicial review. They may not be considered in this proceeding.
 
 
 47
 The motion filed August 6, 1984, to consolidate these cases with No. 82-1954 is denied.
 
 
 48
 The judgments in Nos. 83-2041 and 84-1483 are severally affirmed.