836 F.2d 462
 REPUBLIC RESOURCES CORPORATION, an Oklahoma corporation,
Plaintiff-Appellee,
v.
ISI PETROLEUM WEST CADDO DRILLING PROGRAM 1981, a California
limited partnership; ISI Petroleum, Inc., a Colorado
corporation and general partner in ISI Petroleum West Caddo
Drilling Program 1981; Robert Kantor, a general partner in
ISI Petroleum West Caddo Drilling Program 1981; jointly and
severally liable, Defendants-Appellants.
 Nos. 86-1554, 86-2126 and 86-2701.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 29, 1987.
 
 Kevin D. Allen of Waller, Mark & Allen, Denver, Colo., for defendants-appellants.
 Harlan P. Pelz and Charles E. Stuart of Hughes, Pelz, Leach & Clikeman, Denver, Colo., for plaintiff-appellee.
 Before LOGAN, SEYMOUR, and ANDERSON, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 These are appeals from judgments of the district court granting plaintiff $150,000 plus interest for breach of a settlement agreement, awarding attorney's fees, and denying defendants' motion for reconsideration filed pursuant to Fed.R.Civ.P. 60(b).[1]
 
 
 2
 In 1981, the parties entered into an agreement by which plaintiff would undertake the acquisition, exploration, and drilling of oil and gas wells on certain lands in Oklahoma. Defendants agreed to cover a portion of the costs in exchange for a 12.5% interest in the leases, test wells, and production. In 1982, plaintiff brought suit against defendants in the United States District Court for the District of Colorado. In its complaint, plaintiff alleged that although it had performed all agreed-upon services, defendants had not paid $136,417.24, the amount by which defendants' share of the actual costs exceeded the original estimate of defendants' portion of the costs.
 
 
 3
 Immediately before the first day of trial, the parties entered into a settlement stipulation by which defendants agreed to pay plaintiff $20,000 and assign to it an unencumbered twenty-five percent of defendants' interest in the Lang well, located in Stephens County, Oklahoma, within 120 days of the execution of the stipulation. The stipulation also provided for the entry of default judgment against defendants should they not comply and established liquidated damages for such noncompliance.[2]
 
 
 4
 Approximately a year later, plaintiff moved the district court for judgment against defendants for $150,000 in accordance with paragraph four of the settlement stipulation, alleging that although defendants had paid the $20,000 set out in the first paragraph of the stipulation, they had not delivered the clear title required in the second. After a hearing at which both parties appeared and plaintiff presented evidence, the district court gave plaintiff judgment for $150,000 plus interest, and defendants appealed (No. 86-1554). Defendants also appealed from the district court's amended order which included an award of attorney's fees (No. 86-2126). Defendants then moved in district court to vacate its judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6). The district court denied this motion, and defendants appealed (No. 86-2701).
 
 
 5
 In No. 86-2701, defendants argue that the district court erred in denying its Rule 60(b) motion. A party requesting relief from default must show "a meritorious defense to the action." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.1970). In an attempt to do so, defendants point to the record, which shows that plaintiff entered into a cross-conveyance with third parties. Under the terms of the conveyance, plaintiff obtained clear marketable title to the well interest. Although the conveyance purports to relate back to July 16, 1985, it was executed two months after the court entered judgment for plaintiff on defendants' default. Defendants argue that this conveyance grants plaintiff clear title to the well interest as of the date required by the settlement stipulation, and, therefore, they are no longer in default and should be relieved from the judgment.
 
 
 6
 We review the district court's ruling on a Rule 60(b) motion under an abuse of discretion standard. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Barta v. Long, 670 F.2d 907, 910 (10th Cir.1982). We find no abuse of discretion. Assuming arguendo that the cross-conveyance grants plaintiff a full interest in the property relating back to July 16, 1985, defendants still should not be relieved from the judgment. A party who has breached a contract and has been ordered by a court to pay damages should not be allowed to free itself from paying by complying with the contract after the judgment has been entered.
 
 
 7
 In Nos. 86-1554 and 86-2126, defendants argue that, under the terms of the stipulation, they were required only to assign twenty-five percent of their interest in the Lang well along with warranties of "good, absolute and marketable title." Thus, defendants allege that even if they did not have good title at the time of their assignment, plaintiff has no action for default under the stipulated settlement, but can only commence a separate action in district court for breach of warranty.
 
 
 8
 We construe a settlement stipulation in the same manner as a contract to determine how it should be enforced. Cf. United States v. ITT Continental Baking Co., 420 U.S. 223, 238, 95 S.Ct. 926, 935, 43 L.Ed.2d 148 (1975) (FTC consent decree construed as a contract). When the terms of a contract are not ambiguous, courts "give them legal effect according to their plain, ordinary and popular meaning." Resort Car Rental Sys., Inc. v. Chuck Ruwart Chevrolet, Inc., 519 F.2d 317, 320 (10th Cir.1975). The settlement provides that defendants "warrant they are able to deliver good, absolute and marketable title to the Interest within one hundred twenty (120) days from the date this Settlement Stipulation is fully executed free and clear of all liens, encumbrances, or adverse claims...." The district court found that, by the stipulation's terms, defendants were to assign an unencumbered interest in the well. Not until two months after the district court granted judgment on the agreement did plaintiff obtain clear title in the well. We must uphold this aspect of the district court's judgment.
 
 
 9
 Defendants argue that the award against them should have been reduced by the $20,000 paid plaintiff before default pursuant to paragraph one of the settlement stipulation. Defendants base this argument on the last sentence of paragraph four of the settlement stipulation, which provides that the default judgment shall be $150,000 "less any consideration paid by Defendants to Plaintiff prior to the default." I R. tab 6, at 2, supra note 1. In contrast, plaintiff contends here, as before the district court, that this reference in paragraph four does not encompass any sums paid pursuant to paragraph one because the stipulation was structured in two parts, with paragraph three specifying the amount of damages if plaintiff did not comply with paragraph one and paragraph four specifying the amount of damages if plaintiff did not comply with paragraph two.
 
 
 10
 While the district court apparently rejected this argument, it made no specific finding, as required by Fed.R.Civ.P. 52(a), which would permit our review.[3] We hold that the contract is ambiguous as to whether paragraphs one and three were intended to be independent of paragraphs two and four. This is a question of law. Teton Exploration Drilling, Inc. v. Bokum Resources Corp., 818 F.2d 1521, 1526 (10th Cir.1987). But the interpretation of the ambiguous contract is a question of fact, id., which an appellate court may not make. Therefore, we must remand to the district court for explicit findings on this issue.
 
 
 11
 The question also arises whether the $150,000 award should have been reduced by the value of the Lang well interest which defendants tried to assign to plaintiff before the default. This issue also was before the district court. Here, any transfer of title which had value would fall within the meaning of the phrase "any consideration paid by Defendants to Plaintiff prior to the default" contained in paragraph four. Defendants' counsel asserted that the transfers were made; plaintiff's evidence at least implied that the assignment was refused and title still rested in defendants. This is a fact issue on which the trial judge made no finding. It also requires a remand.
 
 
 12
 Finally, defendants argue that the district court abused its discretion in awarding costs and attorney's fees to plaintiff. Neither the court's order and judgment of March 10, 1986, awarding attorney's fees, nor the court's order of July 14, 1986, establishing the amount of attorney's fees, specifies the basis for such an award. We conclude that proper ground to uphold the award does not exist. First, there was no agreement that defendants would pay plaintiff's attorney's fees and costs. While the settlement stipulation clearly expressed an intent that the court would supervise and enforce any default judgment, it contained no provision for an award of attorney's fees incurred by plaintiff in enforcing the judgment. Second, there is no statutory basis for an award of attorney's fees in this case. Finally, while federal courts have inherent power to impose monetary sanctions "[t]o deter frivolous and abusive litigation and promote justice and judicial efficiency ...," Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (en banc), we hold that defendants' challenges to the judgment did not warrant an award of attorney's fees as a sanction, particularly in light of the arguments over the possible setoffs. Defendants' arguments were not frivolous, as is apparent from our holding on the setoff issues. In addition, because defendants have prevailed on several issues raised on appeal, we deny plaintiff's request pursuant to Fed.R.App.P. 38 for attorney's fees and costs on appeal.
 
 
 13
 The judgment of the United States District Court for the District of Colorado in No. 86-2701 is AFFIRMED. The judgments of the United States District Court for the District of Colorado in Nos. 86-1554 and 86-2126 are AFFIRMED IN PART and REVERSED IN PART, and the cause is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The causes are therefore ordered submitted without oral argument
 
 
 [2]
 The four paragraphs of the settlement stipulation relevant to this appeal read as follows:
 
 
 [1]
 Defendants agree to pay in cash or certified check payable to "REPUBLIC RESOURCES CORPORATION" in care of KIDNEIGH, HUGHES, PELZ, LEACH & CLIKEMAN, P.C., 4155 East Jewell Avenue, Suite 500, Denver, Colorado 80222, the sum of Twenty Thousand Dollars and No Cents ($20,000.00); Fifteen Thousand Dollars and No Cents ($15,000.00) of which shall be paid on or before thirty (30) days from the date this Settlement Stipulation is fully executed, and Five Thousand Dollars and No Cents ($5,000.00) of which shall be paid on or before sixty (60) days from the date this Settlement Stipulation is fully executed
 
 
 [2]
 In addition to the consideration identified in Paragraph 1, Defendants agree to assign twenty-five percent (25%) of their five point two five percent (5.25%) working interest and three point nine seven percent (3.97%) net revenue interest in the well known as the "LANG WELL # 1" located in NW 1/4SE 1/4SW 1/4 of Section 20, Township 2 North, Range 5 West, Stephens County, Oklahoma, which interest Defendants represent equals one point three one two five percent (1.3125%) of the entire working interest and point nine nine two five percent (.9925%) of the entire net revenue interest, hereinafter "the Interest", in said well. Defendants warrant they are able to deliver good, absolute and marketable title to the Interest within one hundred twenty (120) days from the date this Settlement Stipulation is fully executed free and clear of all liens, encumbrances, or adverse claims; that the leases attributable to the Interest are all valid and subsisting leases; that all rentals and royalties thereunder have been paid; and that all conditions necessary to keep the foregoing in full force have been duly performed. Defendants agree to be responsible for all operating expenses incurred attributable to the Interest prior to the effective date of delivery of title to Plaintiff, and Defendants shall be entitled to receive revenue attributable to the Interest prior to the effective date of delivery of title to Plaintiff
 
 
 [3]
 In the event the consideration identified in Paragraph 1 above is not received by Plaintiff or its attorneys within the time period specified, Plaintiff shall file after ten (10) days written notice of default to counsel for Defendants which shall give Defendants an opportunity to cure said default an affidavit with the Court setting forth Defendants' failure to comply with payment provisions set forth in Paragraph 1. The Court may then immediately enter judgment in favor of Plaintiff and against Defendants in the amount of Fifty Thousand Dollars and No Cents ($50,000.00), less any consideration paid by Defendants to Plaintiff prior to the default
 
 
 [4]
 In the event Defendants are not able to assign and convey the Interest as warranted by Defendants in Paragraph 2, then counsel for Plaintiff shall file after ten (10) days written notice of default to counsel for Defendants which shall give Defendants an opportunity to cure said default an affidavit with the Court setting forth Defendants' failure to comply with the settlement provisions of Paragraph 2. The Court may then immediately enter judgment in favor of Plaintiff and against Defendants in the amount of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00), less any consideration paid by Defendants to Plaintiff prior to the default
 
 
 [3]
 The only oral finding made by the court was as follows: "Plaintiff's motion for judgment of $150,000 jointly and severally against all defendants plus costs and attorneys' fees is granted. Defendant's cross motion for an order of dismissal with prejudice is denied." II R. 24
 Its amended order and judgment is not essentially different.
 ORDERED that plaintiff's Motion for Entry of Default is granted and defendants' objection to Motion for Entry of Default and Request for Entry of Dismissal with Prejudice is denied and IT IS FURTHER ORDERED that judgment is entered for the plaintiff Republic Resources Corporation and against defendants ISI Petroleum West Caddo Drilling Program 1981, ISI Petroleum, Inc. and Robert Kantor jointly and severally; that the plaintiff have and recover from the defendants jointly and severally the sum of one hundred fifty thousand dollars ($150,000.00) plus three thousand two hundred forty-seven dollars fifty-three cents for attorney fees and costs for a total judgment of one hundred fifty-three thousand two hundred forty-seven dollars fifty-three cents and that this judgment shall accrue interest at the rate of 7.71% per annum from this date.
 I R. 24.
 The order denying defendants' motion to vacate does contain a finding on the breach of paragraph two, but does not refer to the deductions available.
 Even if jurisdiction were vested in this court, the motion would be denied. 'A Rule 60(b) motion is an extraordinary procedure which may be granted in a showing of due cause.' Blinder, Robinson & Co., Inc., 748 F.2d 1415, 1420 (10th Cir.1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). Defendants' belated attempts to comply with the terms of the settlement agreement do not satisfy this standard. The agreement clearly obligated defendants to transfer to plaintiff a 25% interest in the Lang well within 120 days of the agreement's execution. Defendants did not fulfill this obligation, and thus breached the agreement.
 I R. 29.