43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rob RALSTON, Administrator of the Estate, of Fred Mack
Ralston, Deceased, Plaintiff-Appellant,
v.
J.D. SHARP, and Oklahoma County Jailers or Sheriff's
Deputies whose Identities are Unknown to
Plaintiff, Defendants-Appellees.
 No. 93-6352.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and SAM,[2] District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 This matter is presently before the Court on Plaintiff-Appellant's Motion to Remand, filed November 8, 1994. The motion is made under the authority of Blinder, Robinson & Co. v. United States Securities and Exchange Comm'n, 748 F.2d 1415 (10th Cir.1984), and Aune v. Reynders, 344 F.2d 835, 841 (10th Cir.1965), and requests a remand of this action to the district court for further proceedings. On November 30, 1994, defendant-appellee filed an opposition to the motion to remand.
 
 
 4
 In Blinder, we quoted the following passage from Aune:
 
 
 5
 In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act.
 
 
 6
 Blinder, 748 F.2d at 1420 (quoting Aune, 344 F.2d at 841).
 
 
 7
 On November 1, 1994, the district court entered an order expressly indicating its intention to vacate, pursuant to Rule 60(b)(6), its September 15, 1993 order dismissing plaintiff's claims for noncompliance with Local Rule 14(A). The district court correctly recognized the "judicial system's strong predisposition for the resolution of cases on their merits" and accordingly indicated a willingness to grant Rule 60(b) relief. The Court has considered the motion to remand and the opposition thereto and finds that the motion is appropriate.[3]
 
 
 8
 Therefore, the motion to remand is GRANTED and the appeal is hereby DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation
 
 
 [3]
 The district court's November 1, 1994, order expressly found that "[p]laintiff's counsel was careless or dilatory." On remand, the district court may wish to consider imposing sanctions against plaintiff's counsel in an effort to compensate counsel for the defendant for time and effort expended as a result of plaintiff's counsel's conduct. Of course, we express no opinion on whether sanctions are actually warranted; we simply call this point to the district court's attention