**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 16 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL A. VALENZA; IRENE
VALENZA, individually and as
parents and natural guardians of
Monica Valenza and Pamela Valenza,

      Plaintiffs-Appellants,

v.

DURWOOD DREW STRAIN, JR.,

      Defendant-Appellee.

No.  96-1445
(D.C. No. 94-N-1894)
(D. Colo.)

---

**ORDER AND JUDGMENT**  *

---

Before  **PORFILIO** , **KELLY** , and  **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal arises out of a ski accident in which plaintiff, Michael Valenza, suffered serious injury. Plaintiffs brought suit against defendant for personal injuries and loss of consortium. The district court entered partial summary judgment in favor of plaintiffs, finding that defendant was negligent, but allowing issues of comparative fault to be presented to the jury. The jury returned a verdict in favor of plaintiffs, but it found that plaintiff Michael Valenza was one-third at fault.

While the jury was deliberating, the parties entered into a hand-written agreement providing for payment of certain sums of money by defendant and defendant's insurer, to plaintiffs "regardless of the jury verdict." Defendant's Br., Attachment A at ¶ 2. In exchange, plaintiffs agreed not to execute on the jury verdict against defendant "beyond all insurance coverages." Id. In his brief on appeal, defendant argues that this agreement was intended to be, and was in fact, a complete and full settlement between plaintiffs and defendant and, therefore, this appeal is moot because there is no case or controversy between the parties to this action. Plaintiffs answer in their reply brief that the parties never intended the agreement to settle the entire dispute, but that it was only an agreement that plaintiffs would not execute on the judgment to the extent that the

judgment exceeded the amount of defendant's available insurance coverage or the liability of certain other entities.

We have reviewed the record in this appeal, including the agreement between the parties, and we are unable to determine the effect of the agreement on the existence of a case or controversy between the parties to this appeal. The agreement is, at best, ambiguous. See Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981, 836 F.2d 462, 466 (10th Cir. 1987) (ambiguity of settlement stipulation is question of law). We must, therefore, remand this case to the district court with instructions to conduct a hearing and gather evidence from which it can interpret the ambiguous agreement to determine the effect of the agreement on the adversary relationship of plaintiffs and defendant and whether or not it was intended as a full settlement of the dispute between the parties to this action. See id. (interpretation of ambiguous contract is question of fact for district court).

The case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-